[No. 5730.]

The Town of Lyons v. Watt.

1.  **Negligence—Injury Occasioned by Intervening Act—Liability.**

   A defendant is not liable for acts of negligence where an injury is occasioned by an independent intervening act which he could not have reasonably anticipated would be the result of his negligence, although such injury would not have occurred except for his negligence.—P. 240.

2.  Negligence—"Proximate Cause"—Words and Phrases.

"Proximate cause" is that cause which, in natural and continued sequence, unbroken by any efficient intervening cause, produced the result complained of, and without which that result would not have occurred.—P. 241.

3.  Cities and Towns—Defective Streets—Injuries to Pedestrians
      —Proximate Cause.

A woman after dark fell into an unguarded excavation about two feet from the sidewalk. Knowing of the excavation, she kept the middle of the street to avoid the danger of falling into it, and, when reaching a point on the street opposite the lot where the excavation was located, she mistook the lot for a road and turned in that direction, and in so doing fell on the sidewalk, and then, supposing that she was going to the road, fell into the excavation. Held, that the absence of a rail guarding the excavation was not the proximate cause of the injury, and the town was not liable therefor.—P. 241.

*Appeal from the District Court of Boulder County. Hon. Christian A. Bennett, Judge.*

Action by Emma Watt against the town of Lyons. From a judgment for plaintiff, defendant appeals.     *Reversed and remanded.*

Mr. H. M. MINOR, for appellant.

Mr. GRANT E. HALDERMAN and Mr. J. M. BENDER, for appellee.

Mr. JUSTICE GABBERT delivered the opinion of the court:

Appellee, plaintiff below, brought suit against appellant, as defendant, to recover damages claimed to have been sustained by the negligence of the defendant. A trial on the merits resulted in a verdict and judgment for plaintiff, from which the defendant appeals.

It appears from the testimony that on a vacant lot facing on Main street, in the town of Lyons, there

was an unguarded excavation about two feet distant from the sidewalk. This lot is located about a hundred feet east of the intersection of Main street and Fifth avenue. Plaintiff fell into this excavation, and was injured. It had existed for upwards of two years, and she knew of its existence, having frequently traveled over the sidewalk in front of the lot in question. She was upwards of 52 years of age at the time of her injury, and her eyesight was not good. The circumstances under which she fell into the excavation are as follows, as stated by herself:

On the evening she was injured, which was in the month of June, she went to church. It was dark when she started for home. On reaching Main street, instead of taking the sidewalk, she kept the middle of the street for the purpose of avoiding the danger of falling into the excavation. When she reached a point on the street opposite the lot where the excavation was located, she mistook the lot, or opening, as she expressed it, for the road going south to her home, which was Fifth avenue, and turned to the south. In so doing she stumbled and fell upon the sidewalk opposite the excavation, and, to use her own language: "Being in a dazed condition, I got up, saw the open space, supposed I was going to the road, and fell right in that excavation."

Conceding, for the sake of the argument, that the town of Lyons was guilty of negligence in failing to erect a guard-rail on the walk opposite the excavation, the only question necessary to determine is whether or not this omission on the part of the town was the proximate cause of plaintiff's injury. A defendant is not liable for acts of negligence where an injury is occasioned by an independent, intervening act which he could not have reasonably anticipated would be the result of his negligence, although the

injury for which it is sought to hold him responsible would not have occurred except for his negligence. In this respect the law is so well settled that citation of authority is not necessary. The difficulty arises in determining when it is applicable, so that each case based upon negligence, when it is sought to apply it, must be analyzed for the purpose of ascertaining what was the proximate cause of the injury to the person injured. "Proximate cause" has been defined to be "that cause which, in natural and continued sequence, unbroken by any efficient intervening cause, produced the result complained of, and without which that result would not have occurred." —*D. & R. G. R. R. Co. v. Sipes*, 26 Colo. 17.

Other decisions of the court of appeals and this court, defining "proximate cause," are: *Blythe v. D. & R. G. R. R. Co.*, 15 Colo. 333; *Travelers' Ins. Co. v. Murray*, 16 Colo. 296; *B. & M. R. R. Co. v. Budin*, 6 Colo. App. 275; *City of Denver v. Capelli*, 4 Colo 25.

According to plaintiff's own testimony it was her mistake which caused her to step from the sidewalk. She mistook the vacant lot between adjacent buildings for the road which she intended to turn into on leaving Main street. This mistake upon her part was not one for which the town was in any way responsible. The absence of a rail guarding the excavation did not cause her to make the mistake she did. Neither would the absence of such precautions on the part of the town have caused any one to anticipate that a pedestrian passing along Main street at night in the vicinity of the excavation would make the mistake which plaintiff did. Had she not made this mistake she would not have been injured; and hence, there is but one conclusion to be deduced from her own statement, namely, that the proximate cause of

her injury was her own mistake, and not the negligence of the defendant. It is true the plaintiff would not have been injured had the excavation been guarded, but it is also true that she would not have fallen into it had she not mistaken the lot where it was located for Fifth avenue. The omission of the town to guard the excavation was only a condition upon which a new, independent and unforeseen cause operated which was the cause of plaintiff's injuries, *i. e.*, her mistake in thinking the vacant lot where the excavation existed was the road which she intended to take on leaving Main street. This error of plaintiff was in no manner induced by any act or omission of the defendant. It was not naturally and reasonably to be expected as the result, or the natural and probable consequence, of defendant's negligence; and, therefore, as to it, plaintiff's injuries resulted from an inevitable accident. For injuries thus sustained damages cannot be recovered.

This case appeals to the sympathy of court and jury. Plaintiff is well along in years, is suffering from physical infirmities, no doubt was quite seriously injured, and is in poor circumstances financially; but these conditions cannot change the law controlling her case.

The judgment of the district court is reversed, and the cause remanded for further proceedings not inconsistent with the views expressed in this opinion.

*Reversed and remanded.*

Chief Justice Steele and Mr. Justice Campbell concur.