(June 3, 1908.)

STATE, Respondent, v. WILLIAM L. WEST, Appellant.

[95 Pac. 949.]

GRAND LARCENY—SUFFICIENCY OF INFORMATION—VERDICT—INSUFFI-
CIENCY OF EVIDENCE TO SUPPORT.

1. An information which charged that the defendant "did wilfully, unlawfully and feloniously steal, take and drive away one brown gelding branded H̄ on the left stifle; said gelding being then and there the personal property of A. J. Harley; and one black gelding branded X̲ on the left shoulder; said gelding being then and there the personal property of J. B. Whitson and Brother, . . . . contrary to the form, force and effect of the statute in such cases made and provided, and against the power, force and dignity of the state of Idaho," is sufficient to charge the defendant with the crime of grand larceny of the black gelding mentioned therein.

2. The evidence held insufficient to support the verdict.
                    (Syllabus by the court.)

APPEAL from the District Court of Fourth Judicial District for Elmore County. Hon. Lyttleton Price, Judge.

Prosecution for grand larceny. Defendant found guilty. *Judgment reversed.*

W. C. Howie, and C. C. Cavanah, for Appellant.

The information in this case discloses an attempt to aver two separate and distinct offenses, the second of which is incomplete. (*State v. Bliss,* 27 Wash. 463, 68 Pac. 87, 88; *People v. Smith,* 103 Cal. 563, 37 Pac. 516; *People v. Turner,* 113 Cal. 278, 45 Pac. 331; 22 Cyc. 364 et seq.; *Keech v. State,* 15 Fla. 591; *State v. Swensen,* 13 Ida. 1, 81 Pac. 379; *Mershon v. State,* 51 Ind. 14; *State v. Johnson,* 45 S. C. 483, 23 S. E. 619; *Jones v. Com.,* 86 Va. 950, 12 S. E. 950; *State v. Fields,* 70 Kan. 391, 78 Pac. 833; *State v. Lyon,* 17 Wis. 237, 10 Enc. Pl. & Pr., 540; 1 Bish. New Crim. Prac., secs. 426-428.)

"When the circumstances on which a verdict is based can be as reasonably explained upon some other reasonable hypothesis than that of defendant's guilt, or as perfectly consistent with defendant's innocence, then a new trial should be granted." (*State v. Nesbit,* 4 Ida. 548, 43 Pac. 66; *State v. Mason,* 4 Ida. 543, 43 Pac. 63; *State v. Crump* (5 Ida. 166), 47 Pac. 814; *State v. Marquardsen,* 7 Ida. 352, 62 Pac. 1034; *Hazelwood v. Territory,* 17 Okl. 515, 87 Pac. 470.)

J. J. Guheen, Attorney General, Edwin Snow, J. H. Peterson, and B. S. Crow, for Respondent.

An objection to an indictment that it charges more than one offense is waived by not demurring. (*People v. Connor,* 17 Cal. 354, 361; *People v. Shotwell,* 27 Cal. 394, 401; *People v. Garnett,* 29 Cal. 622, 626; *People v. Burgess,* 35 Cal. 115, 118; *People v. Weaver,* 47 Cal. 106, 108; *Territory v. Duffield,* 1 Ariz. 58, 25 Pac. 476; *State v. Mahoney,* 24 Mont. 281, 61 Pac. 647; *State v. Jarvis,* 18 Or. 360, 23 Pac. 251; *State v. Carlson,* 39 Or. 19, 62 Pac. 1016.)

A single act or transaction in violation of law may, as a general rule, be charged in one count as a single offense, although the act involves several violations of law with respect to several different persons. And when committed in the same act, larcenies from different individuals may be joined. (22 Cyc. 383, citing, under (97), 27 Cent. Dig., tit. "Indictment and Information," sec. 393.)

The common defense in such cases is the purchase of the property stolen from an unknown person, and the jury are the judges of the weight to be given to such evidence, and we think they gave it in this case the full weight it deserves. (*State v. Ireland,* 9 Ida. 686, 75 Pac. 257.)

SULLIVAN, J.—The appellant was convicted of grand larceny for stealing a brown gelding, and sentenced to a term of six years in the penitentiary. This case was once before this court. (*State v. West,* 11 Ida. 157, 81 Pac. 107.) On that appeal the judgment of the trial court was reversed and a new trial granted. A new trial was had and a verdict of guilty was found by the jury and the judgment was six years' imprisonment. A motion for a new trial was overruled and this appeal is from that order and the judgment of conviction.

Two errors are assigned, one of which goes to the sufficiency of the information, and the other to the sufficiency of the evidence to support the verdict. As to the sufficiency of the information, the charging part of the information is as follows:

"The said William L. West, on or about the 6th day of June, A. D., Nineteen Hundred and Three, at the County of Elmore, in the State of Idaho, did wilfully, unlawfully and feloniously steal, take and drive away one brown gelding branded Ĥ on the left stifle; said gelding being then and there the personal property of A. J. Harley; and one black gelding, branded X̲ on the left shoulder; said gelding being then and there the personal property of J. B. Whitson and Brother, (a co-partnership consisting of J. B. Whitson and J. D. Whitson, doing business under the firm name of J. B. Whitson and Brother) ; contrary to the form, force and effect of the statute in such cases made and provided, and against the power, force and dignity of the state of Idaho."

The appellant was tried for stealing the black gelding mentioned in said information. No demurrer was filed to said information. It will be observed that said information charges the appellant with stealing two horses, one brown and one black gelding. The information not only clearly charges the

appellant with having stolen one brown gelding, but also a black gelding, and the words, "did wilfully, unlawfully and feloniously steal, take and drive away," applies to the black gelding as well as the brown. The information is sufficient and there was no error in the action of the trial court in holding it sufficient.

The second error assigned is the insufficiency of the evidence to support the verdict. We have examined the evidence in this case very carefully and in detail, and while it contains some suspicious circumstances, they fall short of establishing the guilt of the defendant. There is no evidence in this record that would warrant the conviction of the defendant, and we must therefore, of necessity, under the well-established rules of law, reverse the judgment, and it is so ordered and a new trial granted. It is suggested that unless the state has other and further evidence than has been introduced in this case, the case should be dismissed.

Ailshie, C. J., concurs.

Stewart, J., did not sit at the hearing and took no part in the decision.