F. EDNA SHAROT, Respondent, *v.* THE CITY OF NEW YORK, Appellant.

First Department, May 4, 1917.

Municipal corporations — negligence — injury to motorcyclist caused by bridlepath bordering Pelham Parkway, city of New York — maintenance of said structure not negligence.

The city of New York cannot be charged with negligence, resulting in an injury to a passenger on a motorcycle, merely because it maintained on each side of the asphalted roadbed of Pelham Parkway, a suburban road which is a part of the park system, two strips of loose and graveled earth from two to five inches below the level of the asphalt and designed to be used as bridlepaths.

Nor can negligence be based upon the failure of the city to give notice of the point at which the bridlepaths began, especially where a complete lighting system has been provided at said locality.

PAGE, J., dissented.

APPEAL by the defendant, The City of New York, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 12th day of May, 1916, upon the verdict of a jury for $3,500, and also from an order entered in said clerk's office on the 3d day of May, 1916, denying defendant's motion for a new trial made upon the minutes.

*E. Crosby Kindleberger*, for the appellant.

*Frederic C. Scofield*, for the respondent.

SCOTT, J.:

The plaintiff sues for damages which she received upon the overturning of a motorcycle upon which she had occupied the rear seat as a passenger. The damages are not claimed to be excessive. The jury was charged, without exception, that the contributory negligence of the driver of the vehicle, if he was guilty of any, was not imputable to plaintiff, although if the accident resulted only from his negligence, without fault on the part of the city, no recovery could be had in this action. The question at issue is, therefore, reduced to the single one of the city's negligence. The accident happened quite late at night on what is known as the Pelham Parkway, a thoroughfare

First Department, May, 1917.          [Vol. 177.

maintained by the park department as a portion of the city park system. The motorcycle on which plaintiff was a passenger was being driven eastwardly at a speed of from fifteen to twenty miles an hour. Just before reaching the place of the accident the parkway had been carried over the tracks of a railroad company upon a steel bridge on which the roadway was paved with asphalt for its full width of sixty feet. After leaving the bridge the width of the paved portion was very gradually reduced to about forty-five feet. On the right hand side of the paved portion of the parkway was a strip about ten feet wide surfaced with earth and small stones or gravel. It is described by many witnesses as a bridle path. The asphalted portion of the parkway was at a slightly higher level than the soft part of the road, being from two to four or five inches higher at different points. No complaint is made as to the condition of the asphalted part of the road, except that it is said that its edge along the soft part had been broken down in places so that such edge was irregular and indented. The driver of the motorcycle after crossing the bridge had been partly blinded by the headlights of two automobiles which approached him going in a westerly direction, and saw others also approaching. To avoid them he steered to the right and ran off of the asphalt onto the soft strip of road, and being unable to control his vehicle it upset after going a short distance. He had a powerful headlight upon his own machine and the road was well lighted with public lamps.

The question of defendant's negligence, therefore, seems to resolve itself with this: whether or not it was negligent to pave the parkway with asphalt for only forty or forty-five feet in the middle, leaving soft strips of road on either side. It is to be considered that the highway in question was not a city street, in the ordinary acceptation of the term, but was a part of the park system, and while within the city limits, it was in a suburban and sparcely populated portion of the city. The construction of such highways under these circumstances with a hard paved surface in the middle and softer surfaces on the side is very common, and the adoption of such a plan does not of itself constitute negligence. (*Ireland* v. *Oswego, Hannibal & Sterling Plank Road Co.,* 13 N. Y. 526; *King* v. *Village*

*of Fort Ann,* 180 id. 496; *Flansburg* v. *Town of Elbridge,* 205 id. 423.) The plaintiff claims, however, that some means should have been adopted to warn persons using the roadway that at a given line the asphalt ended and the soft road began. No particular method· is suggested how this should have been done, and we consider that nothing of the sort was necessary under the circumstances in view of the complete lighting which had been furnished by the city. The difference in level between the paved and unpaved portion of the parkway was too slight to form a basis for a charge of negligence. No one could reasonably anticipate that it would lead to such an accident as the one which resulted in plaintiff's injuries. To charge defendant with negligence in this case would impose upon the municipalities a much more rigorous responsibility for the maintainance of its highways than is justified by the authorities. We are of the opinion that the plaintiff failed as a matter of law to establish culpable negligence on the part of the defendant.

The judgment and order appealed from are, therefore, reversed and the complaint dismissed, with costs to defendant in this court and in the court below.

CLARKE, P. J., SMITH and DAVIS, JJ., concurred; PAGE, J., dissented.

Judgment reversed, with costs, and complaint dismissed, with costs.