## FISCHER LIME & CEMENT CO. v. TONY SORCE.

Western Section. November 12, 1926.

Petition for Certiorari denied by Supreme Court January 29, 1927.

1. **Negligence. Although party may be guilty of negligence he is not liable for unforeseen injuries.**
   Assuming the negligence of a defendant, still there can be no recovery if the injury was one which could not have been foreseen or reasonably anticipated as the probable result of defendant's negligence.

2. **Negligence. Evidence. Evidence held to show accident could not have been reasonably anticipated as a probable result of defendants negligence.**
   Where the defendants maintained pits on their property for the storage of gravel which were unguarded and plaintiff's wife drove her automobile across the curbing and the sidewalk and another low wall, and into the pit, thereby injuring herself, held that defendant, although, negligent is not guarding the pit against pedestrians, was not liable for the injury because they could not have reasonably anticipated the probable result of defendant's negligence.

3. **Automobiles. An unskilled driver is not excused of negligence because of lack of skill.**
   An unskilled or inexperienced driver is not to be excused from liability for injuries inflicted because of his inexperience and unskillfullness.

4. **Negligence. Defendant held guilty of contributory negligence.**
   Where a woman, unskilled in driving an automobile, drove it across a curbing and sidewalk and into a pit on defendant's property, held that the evidence showed contributory negligence such as would bar a recovery.

Appeal in error from Circuit Court of Shelby County; Hon. A. B. Pittman, Judge.

Reversed and dismissed.

Holmes & Canale and Frank J. Glanker, of Memphis, for plaintiff in error.

Randolph & Randolph, of Memphis, for defendant in error.

HEISKELL, J.   The parties will be referred to in this court as they appeared in the lower court, the plaintiff in error, there being the defendant, and the defendant in error, the plaintiff.

This is a suit brought by the plaintiff to recover of the defendant expenses for medical treatment and hospital bills incurred for his wife and minor daughter, and for the loss of their services. This suit was originally tried with two other suits, one on behalf of the same plaintiff, for damages to his automobile, and the other suit being one by the minor daughter, Arnette Sorce, to recover for her

own injury, but after the proof was in, the plaintiffs in the other two suits took a voluntary non-suit. In the present suit there was a verdict in favor of the plaintiff for the sum of two hundred fifty ($250) dollars, from which the defendant has appealed and assigned errors.

There is no material controversy about the facts. The defendant moved for a directed verdict which being overruled it introduced no proof so the case stands on the evidence introduced on behalf of the plaintiff. The only disagreement between counsel as to the facts arises over a few differences of construction of certain testimony which are not material.

The evidence shows that on April 15, 1925, between the hours of one and two o'clock p. m., Mrs. Clara Sorce, the wife of the plaintiff, together with a neighbor, Mrs. Coffey, and two minor children of Mrs. Sorce, Arnette Sorce and Rosario Sorce, entered the automobile of plaintiff at their residence, 509 Pontotoc street, and Mrs. Sorce drove the automobile easterwardly along Pontotoc street, a thoroughfare running in an easterly and westerly direction. Mrs. Sorce drove the car for a distance of a couple of blocks to a point where the street was cut off by a railroad embankment, when Mrs. Coffey got into the driver's seat, turned the car around, and drove back westwardly along Pontotoc street for a distance of about one block. It is shown that Pontotoc street is up-grade when coming westwardly along said street from the embankment.

The Fischer Lime and Cement Company is located on the north side of Pontotoc street, and its plant extends for a distance of about four hundred (400) feet along said Pontotoc street; its yard and buildings occupy the space for approximately the distance of four hundred (400) feet between Pontotoc street and Linden avenue, the street north of Pontotoc street. Its yard is excavated from Linden up to Pontotoc, and there is erected in said yard which is used as a gravel yard, six concrete containers. These concrete containers are fifteen (15) feet in diameter, about fifteen or twenty feet apart, the first container being about fifty-five (55) feet east of the west line of the Fischer property, and these containers extend above the street level of Pontotoc street. There is constructed along the southern boundary of the said Fischer properties a concrete retaining wall. At the southwest corner of this property the excavation and wall is about fourteen feet nine inches, and varies from two to four inches above the level of the space for the sidewalk.

Pontotoc street between property lines has a width of thirty-nine (39) feet and ten (10) inches; between curbs, a width of twenty-three (23) feet and eight (8) inches. The north sidewalk along Pontotoc at the west end of the Fischer properties is seven (7) feet two and one-half (2½) inches. There is a curbing separating the sidewalk from the street that is six (6) inches in width and about

five to seven inches high, the grade of the sidewalk about five to seven inches above the street level.

When the automobile had been driven by Mrs. Coffey westwardly along Pontotoc street to a point slightly east of a driveway on the south side of Pontotoc street, which was opposite to the west end of the Fischer property, Mrs. Coffey got out of the car and Mrs. Sorce got over to the steering wheel. Mrs. Coffey got out to remove a tin can from the driveway. When Mrs. Coffey left the car to remove the tin can, the car was standing still in the middle of Pontotoc street, and the car was then backed in a slightly southeastwardly direction, to enable Mrs. Sorce to make the turn. The condition of the Fischer plant or yard was patent and apparent to travelers in automobiles, or otherwise, on Pontotoc street. The automobile at that time was in Pontotoc street headed slightly northwestwardly, preparing to drive forward into the driveway on the south side, back up, and turn around. When instead of making the turn, the car was driven forward over the remaining distance in Pontotoc street, over the five to seven inch curb, across the space provided for the sidewalk of seven feet two inches, across the concrete retaining wall about twelve inches, and into the gravel yard, and the injuries inflicted resulted in the loss of services, and occasioned the medical and hospital expenditures. This automobile was one purchased by Tony Sorce, the plaintiff in this case, and husband of the driver, Mrs. Clara Sorce, for the use of his family, and he, himself, had been endeavoring to teach Mrs. Sorce to drive the car.

On the day of the accident, the brakes on the car were in good condition, and such a car could be stopped in a distance of five feet if it were running slowly up-grade, and it could be stopped in a distance of three feet if running at a rate of three or four miles an hour; and the car could be stopped momentarily by pressing in on the clutch and brake, the movement being executed by the two feet.

The entire testimony of Mrs. Sorce, taken by deposition, indicates an absolute lack of knowledge of the mere mechanics of the operation of an automobile. Mrs. Sorce, the driver of the car, states that when Mrs. Coffey had removed the tin can from the driveway, she jumped back into the car and tried to turn the wheel away from the embankment. She states that she does not remember what she did after getting over into the driver's seat, and that—

"Q. Now, did she back into the driveway, or head into the driveway? A. She was going to head into it. and I got over to the wheel, you see, and the first thing you know—

"Q. (Interrupting) Ma'am? A. I got over to the wheel, and the first thing you know I was going over, and I knew it.

"Q. I know, you got hold of the wheel? A. I got hold of the wheel.

"Q. And when you got hold of the wheel what did you do?
A. I don't remember."

Mrs. Coffey, the other adult in the car, states that when she got back into the car after removing the tin can, Mrs. Sorce reversed the car, backing it slightly toward the east, and then placed it in first gear, and went to turn the wheels into the driveway when they turned the other way, and it lunged into the curb. She states further that the car hung for a few seconds on the curbing, gave a jerk, and went over.

There is controversy between counsel as to whether Mrs. Coffey means to say that the car hung and hesitated for a few seconds at the street curb on the south side of the sidewalk, or at the top of the retaining wall of defendant's yard at the north side of the sidewalk. We think this is not material and shall not attempt to solve the question. Mrs. Coffey says the car was going slowly, not over three or four miles an hour. She does not remember as to whether, or not, she grabbed the steering wheel, but states that she was trying to pull the brakes on. At the conclusion of the plaintiff's proof, the defendant moved for a directed verdict on the ground that no negligence was shown on the part of the defendant, Fischer Lime & Cement Company that, proximately contributed to the injuries complained of, and second, on the ground that the evidence showed that the negligence of the plaintiff, or his agent, was the sole proximate cause of the injuries complained of. The wife being the agent and servant of her husband, and that the injuries complained of resulted from an efficient, intervening cause, which was the sole proximate cause of the injuries complained of. This motion was by the court overruled, and the defendant offered no proof. The jury, after receiving the charge of the court, then returned a verdict in favor of the plaintiff in the sum of two hundred fifty (250) dollars.

We shall not attempt to set out defendant's assignments of error in full. They are twenty-eight in number and cover sixteen pages of typewritten matter. The first assignment of error insists that the trial court erred in overruling defendant's motion for a directed verdict because there is no material evidence to support the verdict and because the evidence is susceptible of but one conclusion, in regard to which reasonable minds could not differ, to-wit, that the intervening and efficient cause was the sole proximate cause of the injuries complained of.

The plaintiff's contention and theory of the case is, that Mrs. Sorce was guilty of no contributory negligence and that even if she was, the defendant in excavating its lot and building the retaining wall only a few inches above the level of the sidewalk with no fence or protection above it, had created and was maintaining a public nuisance and was liable for any injury caused thereby and that the con-

tributory negligence of Mrs. Sorce could not excuse the defendant from this liability.

Counsel for defendant admits that the contention of defendant's premises amounted to negligence as to pedestrians on the sidewalk and that if one of these had stumbled and fallen over the wall and been injured the defendant would have been liable, but contend that defendant owed no such duty to persons driving vehicles along the street and having no right to be on sidewalk, as made the defendant guilty of negligence as to them. It is further contended for defendant that conceding defendant was negligent, yet it was liable for only such accident as by a reasonable person could be foreseen and anticipated as probable and that the injuries sued for in the present case did not result from such an accident. Also that there was contributory negligence on the part of the driver of the car which was the proximate cause of the accident. For the plaintiff it is contended that even if Mrs. Sorce was guilty of contributory negligence that it could not be considered as the proximate cause of the injury because no injury would have resulted but for the negligence of the defendant. For the defendant it is insisted that no injury would have resulted from the state of defendant's premises but for the independent intervening cause of the manner in which the car was handled and that this was the proximate cause of the injury.

There are certain propositions of law applicable to this case which are settled by the authorities beyond controversy one of which is this: Assuming the negligence of defendant there could be no recovery if the injury was one which could not have been foreseen nor reasonably anticipated as the probable result of defendant's negligence. Moody v. Gulf Refining Co., 142 Tenn., 280; Dallas v. Maxwell (Texas, 1923), 248 S. W., 667, 27 A. L. R., 927; Schofield v. Town of Poughkeepsie, 122 App. Div. Rep. (N. Y.), 869; Short v. State, 179 N. Y. Supp., 539; Flansburg v. Town of Elbridge, 205 N. Y., 423; 98 N. E., 750; 41 L. R. A. (N. S.), 546; Sharot v. City of New York, 164 N. Y. Supp., 804; Babbitt on the Law Applied to Motor Vehicles, p. 292, sec. 422; Swayne v. Spokane (Wash. Sup. Court), L. R. A., 1917-D, p. 754; 162 Pac. (Wash., 1917), 991; Camp v. Allegeheny County, 106 Atlantic, 314; Town of Lyons v. Emma Watt (Pa., 1919), 18 L. R. A. (N. S.), 1153, 95 Pac., 949, Colo. Case, 1908; Herr v. Lebanon, 149 Pa., 222; 16 L. R. A., 106; Horstick v. Dunkell, 145 Pa. State, 220; Briglia, Admr., v. St. Paul, 134 Minn., 97, L. R. A. 1916-F 1216; 158 N. W. (Minn., 1916), 794; Habicher v. Lancaster, 9 Pa. Sup., 553.

These authorities are cited and relied on by the defendant but one of the cases most relied on by the plaintiff contains this:

"A city is only required to guard against such damages in streets as can or ought to be foreseen, in the exercise of reason-

able prudence or care.'' Indianapolis v. Moss, 74 Ind. App., 129; Citing Town of Spencer v. Mayfield, 43 Ind. App., 134, 85 N. E., 23.

It is immaterial whether we say that conceding the negligence of defendant there is no liability for an injury resulting from an accident that could not be foreseen or that as to the plaintiff suing for such an injury there is no negligence, the result in this case is the same.

It is contended, however, for the plaintiff that this was such an accident as defendant was bound to foresee and anticipate as to the probable result of the existing condition. We do not think so. The chance that such a thing would happen was so remote as not to come within the scope of reasonable apprehension. What difference there is in the cases arises not in regard to this rule of law but in the application of it. In Dallas v. Maxwell, 248 S. W., 667, 27 A. L. R., 927, the steering wheel of the car got out of order so that the car could not be controlled and went over an embankment where it was insisted the city should have had a safeguard or barrier to prevent such an accident. A recovery was denied. In the course of its opinion the court said:

"Human beings in their common dealing with each other in society should be required to exercise some degree of deliberation or forethought. It would be unreasonable to require them, before doing or refraining from doing a particular act, to exhaust the field of speculation concerning every possible or conceivable consequence which might result from their conduct. It is just that one should be charged with the duty to anticipate those consequences which in the ordinary course of human experience might reasonably be expected to result therefrom, and therefore that he should be held legally responsible for those consequences. On the other hand, as stated in the Bigham case, 'it would seem that there is neither a legal nor a moral obligation to guard against that which cannot be foreseen, and under such circumstances the duty of foresight should not be arbitrarily imputed.'

"It is obvious that the expression 'cannot be foreseen' was there used in a qualified, and not in an absolute, sense, as denoting 'cannot be foreseen' in the light of common or ordinary experience. Manifestly the test of common experience would exclude that degree of prescience which would require resort to mere speculation in possibly conceivable results, as well as to 'prophetic ken.' Gulf, C. & S. F. R. Co. v. Bennett, 110 Tex., 270, 219 S. W., 197. The rule of anticipation of foreseeableness is therefore one of practical application, and not of philosophical or metaphysical speculation in causation.

"It is well settled that, in determining the question of legal responsibility for a particular act or omission, the relation thereto of the injured party or of persons situated similarly, or perhaps more properly analogously, to him, is a controlling factor. Whether injury might result to someone whose relation to the act or omission is wholly dissimilar or unanalogous to that of the injured party is a purely abstract and immaterial question."

"We are not unmindful of the obvious fact that motor-driven vehicles do become defective and unmanageable, that horses and other animals become frightened and control over them is lost, and that drivers are sometimes negligent, and accidents, more or less serious, result. In a sense all such occurrences are foreseeable. But, when not brought about by some defects in the highway, they are not incident to ordinary travel, and do not happen as a result of the ordinary use of highways—that use for which they are designated. When and where they may happen and the attendant consequences, are matters of the barest chance and purest speculation."

"The weight of authority, which, to our mind, is in accord with sound principles, is to the effect that, where the injury to the traveler results from loss of entire control and direction of an animal or machine, the occurrence falls within the domain of the unusual and extraordinary, and therefore, in contemplation of law, of the unforeseeable. Of course, this holding has no application to those cases in which some defect in the street was a contributing cause toward rendering the animal or machine uncontrollable. The following are some of the recent cases which support this view: Corley v. Cobb County, 21 Ga. App., 219, 93 S. E., 1015; Drake v. East Cleveland, 101 Ohio St., 111, 127 N. E., 469; Briglia v. St. Paul, 134 Minn., 97, L. R. A., 1916-F, 1216, 158 N. W., 794; Swain v. Spokane, 94 Wash., 616, L. R. A., 1917-D, 754, 162 Pac., 991; Camp v. Allegheny County, 263 Pa., 276, 106 Atl., 314; Wessels v. Stevens County, 110 Wash., 196, 188 Pac., 490; Wasser v. Northampton County, 249 Pa., 25, L. R. A., 1915F, 973, 94 Atl., 444; Harrodsburg v. Abram, 138 Ky., 157 29 L. R. A. (N. S.), 199, 127 S. W., 758; Medena v. Hines (C. C. A.), 273 Fed. 52."

The breaking of the steering gear, and not the failure to erect a barrier, was the proximate cause of the injuries sued for, in our opinion. In fact, we think the lack of barrier was, in legal contemplation, not a cause at all, but merely a fortuitous condition."

To the same effect is Briglia v. City of St. Paul, 134 Minn., 97, L. R. A., 1916-F, 1216, 158 N. W., 749. In that case the court said:

"The roadway was not narrow; its width of twenty-six feet was ample. Beyond that the gutter and sidewalk afforded prevention against any ordinary deviation from the traveled road. The deceased did not suffer from any casual or ordinary deviation from the roadway, nor do we think there was any danger of her doing so. The course of the car was extraordinary, stopping on a grade about 100 feet from the bluff edge, it commenced to back, and it backed nearly straight over the precipice. We think the city should not be required to anticipate such unusual occurrences or to guard against them; it provided a roadway safe for all ordinary hazards of travel, and we think it performed its full duty. The city was not negligent."

We do not overlook the contention of counsel for plaintiff, that this case is to be distinguished from the case of Dallas v. Maxwell, and other cases in that there was here no breaking of the machine and no loss of control in that sense or in the sense of a runaway team. However, we do not think the distinction is well taken. We think Mrs. Sorce lost control of this car, and the greater negligence is imputable to her because the car was in good order, and the accident was one which defendant was not bound to foresee in the sense indicated by authorities cited.

We also agree with the contention of the defendant that the contributory negligence of the driver of the car was the proximate cause of the accident and was the independent intervening cause. Counsel for plaintiff urges the lack of experience of Mrs. Sorce in driving a car as a reason why she cannot be held responsible for negligence. We cannot agree to this. It would tend to substitute a paraphase of the old maxim and make it read "where ignorance is safety, 'tis folly to be wise," and the change would not be great for automobilely speaking, safety is near akin to bliss.

An unskillful or inexperienced driver is not to be excused from liability for injuries inflicted because of his inexperience and unskillfulness. Berry on Automobiles (4 Ed.), sec. 161, p. 148; Hughey v. Lenox, 142 Ark., 593, 219 S. W., 324; Gardiner v. Soloman, L. R. A. (Ala.), 1917-F, p. 380; 75 So. 621.

It is contended on behalf of the plaintiff that the issues raised by defendant were left to the jury under a proper charge by the court and that there is evidence to sustain the verdict. If there is material evidence in the record to sustain the verdict, then the trial court was right to submit the case to the jury. If not, then a verdict should have been directed for defendant. In Moody v. Gulf Refining Co., 142 Tenn., 280, our Supreme Court announces the following principles applicable to the present case:

"In Mayor & Alderman v. Cain, 128 Tenn., 258, the court said: 'Where the evidence shows, without contradiction, as in the case now

before us, that the plaintiff below, was not only negligent but that his negligence proximately contributed to the injury which he received, the case is one for peremptory instructions. There is nothing for the jury to determine.''

The facts in the present case are uncontroverted. They have been stated and cannot be made plainer by further statement or by argument. We think but one inference can be drawn from the undisputed facts and therefore the question was for the court and not for the jury.

The car left the street and ran onto the sidewalk. This brings into play the doctrine of res ipsa loquitur. It creates a prima-facie case of negligence, and casts upon the driver the burden of showing the absence of negligence. Huddy on Automobiles (7 Ed.), p. 510, sec. 512; Berry on Automobiles (4 Ed.), p. 384; Brown v. Bottling Works, 174 Iowa, 715, 1 A. L. R., 835, 840. Gorsuch v. Swan, 109 Tenn., 36, though a case of runaway horses, lays down the same rule.

Here the proof not only fails to rebut the prima-facie case of negligence but makes out the case by affirmative evidence. The car going three or four miles an hour could have been stopped almost in its tracks, it hung and hesitated somewhere about the sidewalk as if to assist in the stopping. In the first instance, it was steered to the right instead of the left by mistake or carelessness, and then by neglect or ignorance was not stopped. We think the injury sued for was not the natural and probable consequence of any act of negligence of the defendant and was one which could not have been foreseen nor reasonably anticipated by the defendant. We think the negligence of the agent of the plaintiff, the driver of the car, was the proximate cause of the injury, and that there was a sufficient intervening cause to prevent the defendant's act from being the proximate cause of the injury. Therefore we think the trial court should have sustained defendant's motion for a directed verdict. This assignment of error is sustained and the suit is dismissed at plaintiff's cost. This disposition of the case makes it unnecessary to notice the other assignments of error based upon error in the charge or in refusing to charge as asked, as, if any were sustained, it would only go to the question of remanding for a new trial.

Owen and Senter, JJ., concur.