No. 12,262.

STOUT *v.* DENVER PARK AND AMUSEMENT COMPANY

(287 Pac. 650)

Decided April 14, 1930.   Rehearing denied May 5, 1930.

Mr. A. X. ERICKSON, Mr. EMORY L. O'CONNELL, for plaintiff in error.

Mr. WM. E. HUTTON, Mr. BRUCE B. McCAY, for defendant in error.

*In Department.*

MR. JUSTICE MOORE delivered the opinion of the court.

THE parties here appear as in the lower court.

Plaintiff sued defendant to recover for injuries sustained while riding on a roller coaster operated by defendant in its amusement park, "Lakeside." This writ is prosecuted to review a judgment entered upon a directed verdict for the defendant.

The complaint charged that the plaintiff, aged 19, about 9:30 p. m. on June 19, 1927, occupied a seat in one of defendant's roller coaster cars; that the plaintiff while so riding was thrown violently from his seat and injured; that said injuries were occasioned by defendant's negligence in failing to warn him of dangers incident to such a ride and to strap him into said car; in maintaining dangerous, sharp curves and angles and insufficient elevation on the outer rail on curves; in improper construction of the car in which plaintiff was riding which permitted it to jerk from side to side and in permitting the track to be obstructed "by some foreign substances which caused said car to be thrown upward and to one side with terrific force and violence." The answer denied these charges.

The plaintiff was the sole witness as to how the accident occurred. He stated that he and a girl occupied the second seat of the front car; that shortly before this happened they were both sitting normally in the seat; he had his arm around her and she was sitting there with her hands folded; he was not fastened in the car in any way and no suggestion had been made to him concerning a strap or anything of that kind to fasten himself in the car. He did not see such a strap and that "all at once something struck me, I don't know what it was; it might have been a club or a bottle, or a board or anything, struck me. It struck me in the right front temple, right here where the scar is and it naturally knocked me unconscious; from that time until I came to myself dragging on the track I was unconscious, I didn't know anything; I drug for, I should judge, fifty or sixty feet, and finally I realized what was happening, and my feet were all in the car, I had got them in there somehow." On cross-

examination under the statute, the general manager of the defendant company testified as to the construction and operation of the derby and its equipment.

Plaintiff contends that the defendant's negligence in failing to strap him into the seat, combined with the blow on the head, constituted the proximate cause of the accident and that if he had been strapped into the car he would not have been thrown out and would not have received the injuries thereby occasioned. Plaintiff's argument is ingenious but not convincing.

██ ██ ██ It is elementary that in the absence of conflicting testimony the determination of the proximate cause is for the court. Proximate cause is that which, in natural and continued sequence, unbroken by any efficient, intervening cause, produced the result complained of, and without which that result would not have occurred. Applying this definition to the undisputed facts in evidence, it must be concluded that the proximate cause of the accident was the blow on the head. What caused this blow is not disclosed. It is not shown that the object which struck plaintiff was under the control of the defendant or that it knew or in the exercise of reasonable care should have known of plaintiff's perilous condition after he had been struck, or that, if in the exercise of reasonable care defendant should have known of plaintiff's perilous condition, it had thereafter sufficient time with the exercise of reasonable care to have prevented plaintiff's injuries. In other words, the evidence discloses that plaintiff's injuries were occasioned by an independent, efficient cause which could not reasonably have been anticipated and avoided by the defendant and without which the accident would not have occurred. Under these circumstances, defendant's failure to warn plaintiff to use the strap or to cause him to be strapped into the car cannot constitute the proximate cause, either in itself or combined with the blow on the head. Defendant's negligence, if any, was merely a condition under which the proximate cause operated. In such cases, de-

fendant cannot be held liable. *Town of Lyons v. Watt,* 43 Colo. 238, 95 Pac. 949; *Clark v. Wallace,* 51 Colo. 437, 439, 118 Pac. 973, Ann. Cas. 1913B, 349; *Snyder v. C. S. & C. C. D. Ry. Co.,* 36 Colo. 288, 291, 292, 85 Pac. 686, 8 L. R. A. (N. S.) 781; *Farmers' High Line C. & R. Co. v. Westlake,* 23 Colo. 26, 46 Pac. 134.

Accordingly, the lower court was right in directing a verdict for the defendant.

Judgment affirmed.

MR. CHIEF JUSTICE WHITFORD, MR. JUSTICE BUTLER and MR. JUSTICE BURKE concur.