R. N. DEAN, Plaintiff in Error, v. FINEBERG PACKING COMPANY, a Corporation, and John H. Lowe, Defendants in Error. —388 S.W.(2d) 651.

Western Section. October 8, 1964.

Certiorari Denied by Supreme Court March 22, 1965.

John J. Howard, Jr., Memphis, McDonald, Kuhn, McDonald, Crenshaw & Smith, Memphis, of counsel, for plaintiff in error.

Leo Bearman, Sr., and Leo Bearman, Jr., Memphis, for defendants in error.

BEJACH, J. In this cause, the Reverend R. N. Dean, a Presbyterian minister of Pulaski, Tennessee, sued the Fineberg Packing Company of Memphis, Tennessee and James H. Lowe, the driver of one of its trucks, for $500.00 for property damages to the automobile of plaintiff. In this opinion, the parties will be referred to, as in the lower court, as plaintiff and defendant, the plaintiff being the plaintiff in error in this court, and the defendant being the defendant in error.

The damage to plaintiff's automobile occurred November 4, 1961 at about 12:30 P.M. Plaintiff, who had formerly lived in Memphis, but had moved to Pulaski about six months before the accident, was visiting friends there at the time, and was driving his car west on Lamphier Avenue, near the intersection of that avenue with Holmes Street. On the north side of Lamphier, defendant Lowe had backed his panel bodied truck into the driveway of a store where he was making a delivery. The front end of the truck was protruding into Lamphier, less than 25 feet from Holmes Street, and plaintiff, therefore, contends that said truck was parked in violation of a city

ordinance which prohibits stopping, parking or standing of an automobile within 25 feet of a stop sign. It is plaintiff's contention that defendants' truck obscured his vision so that he did not see a stop sign located at Holmes. At any rate, plaintiff did not stop at the stop sign, but drove out into Holmes Street where he had a collision with a south bound automobile driven by a Mr. Stanley Tanner, which caused the damage sued for. Plaintiff admitted that he was familiar with the intersection of Lamphier Avenue and Holmes Street, and knew that there was a stop sign there, but that he did not see the sign on this occasion because of the obstruction of defendants' truck, and did not realize that he had reached Holmes Street. Mr. Stanley Tanner is not a party to this suit, and it seems to be conceded that he was free from negligence. Defendants' truck did not come into contact with plaintiff's automobile, and, other than obscuring plaintiff's view of the stop sign at Holmes, as plaintiff contends, had no part in the collision. According to the plaintiff's testimony, he was driving his automobile at a speed of about 15 miles per hour when the accident occurred. Plaintiff admitted that he was familiar with the Memphis city ordinances regulating traffic, and knew that there was a stop sign at Holmes, but did not realize he had reached Holmes Street, and on this occasion did not see the stop sign because his vision was obscured by defendants' truck. Plaintiff made some measurements and testified that the cab of defendants' truck was extending out about 8 or 10 feet into Lamphier.

Plaintiff was the only witness, and at the conclusion of his testimony, defendants moved for a directed verdict, which motion was granted. Plaintiff moved for a new trial, which motion was overruled and his appeal in error to this court was perfected.

In this court, as plaintiff in error, plaintiff has filed two assignments of error, which raise the single question of whether or not the trial judge erred in granting a directed verdict in favor of defendants.

Plaintiff's counsel contends that he made out a prima facie case of negligence on the part of defendants by showing a violation of the Memphis city ordinance which prohibits the parking of defendants' truck within 25 feet of the stop sign at Holmes and Lamphier, and that the questions of proximate cause and whether or not plaintiff was guilty of contributory negligence should have been submitted to the jury. On the other hand, counsel for defendants contend that since the proof was undisputed and fairly incontrovertible, the questions of proximate cause and plaintiff's contributory negligence were properly determined by the trial judge in granting the motion for the directed verdict. It is also defendants' contention that this cause presents a situation of two distinct successive causes, unrelated in operation, with an intervening direct cause succeeding defendants' negligence, and that in such situation, plaintiff's negligence did no more than furnish the condition, or give rise to the occasion by which the plaintiff's injury occurred.

In support of their contentions, defendants rely on the cases of N. C. & St. L. R. R. v. Harrell, 21 Tenn.App. 353, 110 S.W.(2d) 1032; L. & N. R. R. Co. v Head, 46 Tenn. App. 612, 332 S.W.(2d) 682; and Ward v. University of the South, 209 Tenn. 412, 354 S.W.(2d) 246.

In Nashville C. & St. L. Railway v. Harrell, 21 Tenn. App. 353, 110 S.W.(2d) 1032, the railway company was guilty of negligence in that its conductor failed to stop its train where a nine year old passenger was due to

leave the train, and to which point he had paid his fare. In that situation, the little boy jumped off the train and was injured. This court, Middle Section, held that the negligence of the railway company merely furnished the opportunity or occasion for the plaintiff's injury, and was not the proximate cause of same. From the opinion written by Faw, P. J., we quote as follows:

"In Stephenson v. Corder, 71 Kan. 475, 80 P. 938, 940, 69 L.R.A. 246, 249, 114 Am.St.Rep. 500, there is a forcible statement of rules which we think applicable and controlling in the instant case, as follows:

" 'When the facts are undisputed and only one inference or deduction is to be drawn from them, a question of law is presented for the court. Dewald v. Kansas City, Ft. S. & G. R. Co., 44 Kan. 586, 24 P. 1101. However, it is not every act of negligence that furnishes a basis for recovery of damages sustained. In the case of Cleghorn v. Thompson, 62 Kan. 727, 64 P. 605, 54 L.R.A. 402, this court held: "Negligence, to be actionable, must result in damages to some one, which result in the absence of wantonness or malus animus, might have been reasonably foreseen by a man of ordinary intelligence and prudence, and be the probable result of the initial act. The allegation of negligence is not sustained by evidence of acts resulting in damage to another, which result is not the reasonable and ordinary outcome of such acts, and which would not have been foreseen or anticipated by the exercise of ordinary prudence and foresight under all the circumstances of the case. * * * Negligence is not the proximate cause of an accident, unless, under the circumstances, the accident was a probable as well as natural consequence thereof—one which might reason-

ably have been foreseen by a man of ordinary intelligence and prudence.'' * * * In cases of this character, where two distinct, successive causes, unrelated in operation, to some extent contribute to an injury, it is settled that, where there is an intervening and direct cause, a prior and remote cause cannot be made the basis of recovery of damages, if such prior cause did no more than furnish the condition, or give rise to the occasion, by which the injury was made possible. It seems to be sound in principle, as well as settled by authority, that where it is admitted or found that two distinct, successive causes, unrelated in their operation, conjoin to produce a given injury, one of them must be the proximate, and the other the remote, cause of the injury, and the court, in passing on the facts as found or admitted to exist, must regard the proximate as the efficient and the consequent cause, and disregard the remote cause.'

''The principles stated in the authorities herein cited (with respect to the proximate cause of an injury) were applied by this court in the case of Eckerd's, Inc., v. McGhee, 19 Tenn.App. 277, 86 S.W.(2d) 570, wherein it was held that the defendant (a druggist) was guilty of negligence in selling, contrary to statute, poisonous drugs, viz., bichloride of mercury tablets and tincture of iodine, to a minor under sixteen years of age, without the written order of some responsible adult person; but that the defendant druggist was not liable in damages to the minor plaintiff, for the reason that her act in voluntarily swallowing the poisons, knowing what she was doing and the probable consequences thereof, and not the negligence of the druggist, was the proximate cause of her injuries; and the judgment of the circuit court for plaintiff was reversed and the suit dismissed.

"The undisputed evidence in the instant case seems to us to compel the conclusion that there was nothing in the conduct, character, or condition of F. J. Harrell, Jr., at any time prior to the moment that he jumped from the train, to suggest that he would commit so rash an act. 'The chance that such a thing would happen was so remote as not to come within the scope of reasonable apprehension.' Fischer Lime & Cement Co. v. Sorce, 4 Tenn.App. 159, at page 164." Nashville C. &. St. L. Ry v. Harrell, 21 Tenn.App. 363-364, 110 S.W. (2d) 1038-1039.

In that cause, Judge Faw also said, speaking for the Court of Appeals:

"It was also held in Chattanooga, etc., Co. v. Hodges, supra (109 Tenn. 331, 70 S.W. 616, 618, 60 L.R.A. 459, 97 Am.St.Rep. 844), that, although ordinarily a question for the jury, 'where the facts are fairly incontrovertible the question of proximate or intervening cause is for the court'; and it was so held in the later case of Moody v. Gulf Refining Co., 142 Tenn. 280, 290, 293, 294, 218 S.W. 817, 8 A.L.R. 1243." Nashville, C. & St. L. Ry. v. Harrell, 21 Tenn.App. 363, 110 S.W.(2d) 1038.

In Louisville & Nashville Railroad Co. v. Head, 46 Tenn.App. 612, 332 S.W.(2d) 682, where plaintiff was injured by being forced against the side of a bridge which was too narrow to permit two cars to pass each other in safety, the railroad company was held not liable even though it might have been negligent in maintaining the bridge in that condition. From the opinion of this court, Middle Section, in that case, written by Shriver, J., we quote as follows:

"Again in Friendship Telephone Co. v. Russom [43 Tenn.App. 441], 309 S.W.(2d) 416, 421, Judge Felts speaking for the Court, and with characteristic thoroughness, again dealt with this question of intervening cause. As pointed out in the opinion:

" 'Some cases do draw a distinction between the "cause" of harm and the "condition" in which the harm happened. It is said that if defendant's act created only a passive, static condition which made the harm possible, he is not liable.

\*     \*     \*     \*     \*     \*

" ' "So far as the distinction has any validity at all, it must refer to the type of case where the forces set in operation by the defendant have come to rest in a position of apparent safety, and some new force intervenes. But even in such cases it is not the distinction between 'cause' and 'condition' which is important, but the nature of the risk and the character of the intervening cause." (Prosser on Torts (2nd Ed.) 225).'

\*     \*     \*     \*     \*     \*

"We think this case falls within the distinction drawn in the quotation from Friendship Tel. Co. v. Russom, supra, in that, at most, defendant maintained a passive, static condition which made the harm possible but a new and independent force intervened to bring about and proximately cause the injuries complained of." Louisville & Nashville Railroad v. Head, 46 Tenn.App. 633-634, 332 S.W.(2d) 691.

In Ward v. University of the South, 209 Tenn. 412, 354 S.W.(2d) 246, the Supreme Court sustained a demurrer in a suit against the University and a gunsmith who had illegally sold a pistol to a student at the University

who, with that pistol, accidentally shot and killed a fellow student. From the Supreme Court's opinion written by Howard, J., formerly a member of this court, Eastern Section, who was sitting as special judge on the Supreme Court, we quote, as follows:

"The Circuit Judge also sustained each of the demurrers on similar grounds of intervening cause.

\* \* \* \* \* \*

"The test of liability under the law of intervening cause requires a person to anticipate or foresee what usually will happen. It does not require him to anticipate and provide against what is unusual or unlikely to happen, or that which is remotely possible, but whether it was probable according to the usual experience of persons. Moody v. Gulf Refining Company, 142 Tenn. 280, 218 S.W. 817, 8 A.L.R. 1243; Moyers v. Ogle, 24 Tenn.App. 682, 148 S.W.(2d) 637; Ford Motor Co. v. Wagoner, 183 Tenn. 392, 192 S.W.(2d) 840, 852, 164 A.L.R. 364; Rader v. Nashville Gas Co., 37 Tenn.App. 621, 268 S.W.(2d) 114; 65 C.J.S. Negligence sec. 111, pp. 685, 699, 700.

"In Moody v. Gulf Refining Company, supra, the Court said:

" 'An injury that is the natural and probable consequence of an act of negligence is actionable, and such an act is the proximate cause of the injury. But an injury which could not have been foreseen or reasonably anticipated as the probable result of an act of negligence is not actionable and such an act is either the remote cause, or no cause whatever, of the injury.' " Ward v. University of the South, 209 Tenn. 421-422, 354 S.W.(2d) 250.

■ In the instant case, conceding the negligence of defendants, which presumably would have made them liable, if defendants' truck had participated in the collision, we think reasonable minds should not have anticipated that the illegal parking of defendants' truck might cause a collision between two other automobiles out in the intersection of Lamphier and Holmes.

But counsel for plaintiff pins his whole case on the authority of the Supreme Court's decision in Woody v. Cope, 207 Tenn. 78, 338 S.W.(2d) 551. In that case, a per curiam opinion of the Supreme Court adopts as its opinion, the opinion of the Court of Appeals, Eastern Section, written by Judge McAmis, Presiding Judge of this Court. The facts of the case were that plaintiff, who was a pedestrian, had passed in front of a bus which was illegally parked near a street intersection, and was struck by an automobile which had come from behind and around the bus. The trial judge granted a directed verdict in favor of the bus company, but submitted the case to the jury against the driver of the automobile. The jury returned a verdict in favor of the automobile driver. The Court of Appeals affirmed the case as to the driver of the automobile, but reversed and remanded the cause as against the bus company. The Supreme Court granted certiorari, but affirmed the judgment of the Court of Appeals, and adopted the opinion of Presiding Judge McAmis. That opinion certainly tends to support the contention of plaintiff in the instant case; but, we think there are distinguishing features in the facts of that case which prevent it from controlling the instant case. Among such distinguishing facts is the allegation in the plaintiff's declaration in the Woody case that the driver of the bus signalled to plaintiff and her associates that

it was safe for them to cross the street which was unprotected by traffic signals. In the instant case, the driver of defendants' panel truck was in no way responsible for plaintiff's entering the intersection. Another distinguishing feature is that in the instant case, Mr. Stanley Tanner, the driver of plaintiff's automobile, is not even made a party to the suit, and it is conceded that he was free from negligence in connection with the collision.

Another reason why, in the instant case, we are unwilling to ground a reversal of the trial judge's peremptory instruction on the authority of Woody v. Cope is that same is, in our opinion, wholly inconsistent with the earlier Supreme Court decision in Stafford v. Consolidated Bus Lines, 179 Tenn. 185, 164 S.W.(2d) 15, which case is neither overruled nor distinguished in the Woody case. In the Stafford case, as in the Woody case, the bus was illegally parked, and plaintiff, a minor, was injured by an automobile driven in the opposite direction from the bus, when she ran from behind the bus into the pathway of the oncoming automobile. The trial judge granted a motion for directed verdict in favor of the bus company, but the Court of Appeals reversed this ruling. The Supreme Court, however, granted certorari, reversed the Court of Appeals, and reinstated the judgment of the lower court based on the peremptory instruction of the trial judge. From the opinion of the Supreme Court in the Stafford case, written by Mr. Justice McKinney, we quote as follows:

"The trial court, however, directed a verdict in favor of defendant upon the ground that the accident was proximately caused by the independent act of the plaintiff in running out from back behind the bus into the highway in front of the approaching automobile,

and that such act on her part was an independent and intervening cause from any act of negligence imputed to defendant, her injury being one which defendant could not reasonably foresee or anticipate.

"Upon this latter proposition the Court of Appeals reversed the trial court and remanded the case for a new trial, holding that to be a question for determination by the jury.

"We think the Court of Appeals was in error. The facts are few, simple and uncontroverted, and present a situation as to which reasonable minds could not differ." (Then follows a review of the decisions in Nashville, C. & St. L. Ry. v. Harrell, 21 Tenn.App. 353, 363, 110 S.W.(2d) 1032; Chattanooga, etc. Co. v. Hodges, 109 Tenn. 331, 70 S.W. 616, 60 L.R.A. 459, 97 Am.St.Rep. 844; Moody v. Gulf Refining Co., 142 Tenn. 280, 218 S.W. 817, 820, 8 A.L.R. 1243; and Fischer Lime & Cement Co. v. Sorce, 4 Tenn. App. 159.)

\* \* \* \* \* \*

"Upon the principle announced in these cases we think the trial court was correct in directing a verdict for the defendant.

"Certiorari has heretofore been granted and argument waived.

"For the reasons set forth herein, the judgment of the Court of Appeals will be reversed and that of the trial court affirmed." Stafford v. Consolidated Bus Lines, Inc., 179 Tenn. 190-193, 164 S.W.(2d) 17-18.

■ Counsel for defendants also present an independent line of reasoning as to why the judgment should be affirmed in the instant case, with which line of reasoning we agree, and which constrains us to affirm the judg-

ment. Plaintiff, according to his own testimony, not seeing the stop sign at the corner of Holmes and Lamphier, because, as he says, it was obscured by the illegally parked truck of defendants, thought the intersection was an open or uncontrolled one, and he entered same on that assumption. In that situation, he must be held to be controlled by city ordinance, sec. 1681, and sec. 59-828 T.C.A., which provide that when vehicles approach an intersection from different streets at approximately the same time, the driver of the vehicle on the left shall yield the right of way to the driver of the vehicle on the right. Plaintiff in the instant case was struck by an automobile headed south, and therefore on his right, to which automobile he did not yield the right of way, and which automobile it is conceded was being driven in a nonnegligent manner. It must, therefore, be held, as a matter of law, that plaintiff's own contributory negligence bars a recovery in the instant case. In discussing the application of the statute codified in 59-828 T.C.A., Anderson, P. J., speaking for this Court, in the case of Shew v. Bailey, 37 Tenn.App. 40, 49, 260 S.W.(2d) 362, said:

"Within the meaning of this statute, vehicles are approaching an intersection 'at approximately the same time' when it would appear to a person of ordinary prudence, in the position of the driver of the vehicle approaching from the left of the other vehicle, that if the two continued on their respective courses, at the same rate of speed, a collision would be likely to occur.

"The question does not necessarily depend upon which vehicle enters the intersection first, but primarily upon the probability of a collision when the relative distances and speeds of the two vehicles are considered.

If, when so considered, there appears a likelihood of a collision unless one or the other alters its speed or course, then they are regarded as approaching the intersection 'at approximately the same time', notwithstanding that the vehicle approaching from the left arrived at the intersection first. Cf. Tri-State Transit Co. v. Duffey, 27 Tenn.App. 731, 173 S.W.(2d) 706.

"There are numerous cases supporting this interpretation of similar statutes. They are collected in the annotation appearing in 175 A.L.R. 1022." Shew v. Bailey, 37 Tenn.App. 49, 260 S.W.(2d) 366.

It is, therefore, our opinion that, whether based on plaintiff's general knowledge of the street intersections and ordinances of the City of Memphis applicable thereto, as admitted by him, which should have required him to stop before entering Holmes street at its intersection with Lamphier, or whether based on the assumption that as to plaintiff, under the circumstances of the instant case, that intersection must be considered an open or uncontrolled intersection into which he entered without yielding the right of way to a south bound car on his right, he must be considered, as a matter of law, to have been guilty of contributory negligence which bars his action in the instant case.

For the reasons herein above stated plaintiff's assignments of error must be overruled, and the judgment of the lower court dismissing his cause of action will be affirmed.

The costs of the cause will be adjudged against the plaintiff, R. N. Dean, and the National Surety Corporation, the surety on his appeal bond.

Avery, P. J. (W.S.), and Carney, J., concur.