# RADER et al. v. NASHVILLE GAS CO.—268 S. W. (2d) 114.

Middle Section.  December 4, 1953.

Petition for Certiorari denied by Supreme Court, April 16, 1954.

622

Jay G. Stephenson, J. G. Lackey, Jr., Richard Dance, all of Nashville, for plaintiffs in error.

Bailey, Ewing & Powell, of Nashville, for defendant in error.

HOWELL, J.   This is a suit for damages filed by Gilbert R. Rader and Grover Marlin against the Nashville Gas Company, growing out of an explosion alleged to have been caused by natural gas accumulating in the attic of a building occupied by the plaintiffs and in which they conducted a gasoline service station.  The damages alleged were to the stock and fixtures of plaintiffs and they also sued for loss of profits and business caused by the explosion which occurred on October 21, 1951. The declaration in its first count, which was filed on April 3, 1952, alleged that the defendant maintained a gas pipe line approximately twenty feet from plaintiffs' building and about three feet underground and that defendant unlawfully and negligently allowed gas to escape therefrom and flow through the ground until it reached a conduit in the corner of plaintiffs' building and accumulated between the ceiling and roof thereof and resulted in the explosion causing the damage.

The defendant filed a plea of not guilty.

Later, and on April 1, 1953, the plaintiffs filed a second and a third count to the declaration in which they alleged that the defendant had been negligent in removing a gas meter from an adjoining lot to plaintiffs' building and in leaving a gas pipe sticking up about fourteen

inches above the ground without any protection and with nothing to indicate that it was a gas line containing gas when it knew or should have known that this pipe could be easily broken. It was further alleged that defendant should have known that the lot upon which this pipe was located would be traveled upon by heavy vehicles and this pipe would be broken and gas allowed to escape.

At the conclusion of all the proof the defendant moved the Court for an order instructing the jury to return a verdict in favor of the defendant on the ground that there was no evidence before the Court upon which a verdict for the plaintiffs could be based. The trial Judge granted this motion holding that the evidence showed that the gas line was broken by an intervening agency and that the case was controlled by the case of Moody v. Gulf Refining Co., 142 Tenn. 280, 218 S. W. 817, 8 A. L. R. 1243.

The plaintiffs by proper procedure have perfected an appeal in error to this Court and have assigned this action of the trial Judge in granting defendant's motion as error.

The record discloses the following facts:

In July 1951, the defendant Gas Company removed a gas meter from the building adjoining the service station later occupied by the plaintiffs. This building had been occupied by a restaurant and was being torn down. Later, and on August 31, 1951, the plaintiffs opened their service station next door to this lot. At the time plaintiffs took possession of their building a contracting firm was engaged in grading and filling this lot upon which the restaurant building had stood and heavy machinery was run over it and parts of the lot were filled with rock and dirt and rolled down by heavy rollers. On October 21,

1951, thereafter, the explosion occurred. After the explosion the workmen dug a hole in the paving which had been placed on this restaurant lot several feet from the service station property and found that the gas line about three feet under the ground had been broken and gas was escaping from it. There was evidence that the heavy road and dirt moving machinery being run over the ground in which this pipe was laid would exert such pressure as to break the pipe and cause the gas to escape.

Under these facts the trial Judge was of the opinion that if any negligence of the defendant had been shown in removing the meter such was not the proximate cause of the explosion which occurred over three months thereafter, but that the hauling and dumping of fill material and the grading and paving and rolling heavy machinery over the location of the pipes was the intervening cause of the accident.

We are constrained to the conclusion that the trial Judge did not err in so holding.

In the case of Moody v. Gulf Refining Co., supra, the Court held that where the facts were undisputed and susceptible to only one inference the question was one of law for the Court. We have carefully read the record in this case and cannot say that there is any evidence which indicates that this explosion was caused by any negligence of this defendant. The break in the pipes was over three months after the meter was removed by the defendant and if the pipes had not been broken by the intervening agency it is reasonable to presume that no gas would have escaped.

In the recent case of Wallace v. Electric Power Board, 36 Tenn. App. 527, 259 S. W. (2d) 558, 560, a pedestrian was struck by a falling pole and the trial

Judge directed a verdict for the defendant. McAmis, P. J., said:

"There is material evidence from which a jury could conclude that the pole which struck plaintiff was in a severely decayed condition and that proper practice in the construction of such lines on public streets would have dictated the use of a guy wire on the east of the pole to compensate for stress resulting from wires leading off to the west and particularly to a street light in the center of the intersection. Whether the court erred in taking the case from the jury depends upon whether or not the injury to plaintiff was caused by the rotten condition of the pole and the absence of the guy wire on the east or by the removal of the stub pole and the sagging of the guy wire when the stub pole was struck by one of the cars in the collision, coupled with the act of the driver of the Mongar car in proceeding into the intersection. We hold that the question was properly resolved by the trial court in directing a verdict for defendants.

"In the leading case of Moody v. Gulf Refining Co., 142 Tenn. 280, 218 S. W. 817, 820, 8 A. L. R. 1243, it was said:

"'An injury that is the natural and probable consequence of an act of negligence is actionable, and such an act is the proximate cause of the injury. But an injury which could not have been foreseen nor reasonably anticipated as the probable result of an act of negligence is not actionable and such an act is either the remote cause, or no cause whatever, of the injury.'

"The facts of that case are so well known that to

comment upon them at length would be superfluous. It is sufficient to say that the defendant in that case allowed highly volatile gasoline to be exposed in the presence of small boys who struck a match and ignited it while the attendant was temporarily absent on a mission in connection with his duties. It was held that even though it be conceded that the defendant might have been guilty of some negligence, the act of the boys in throwing a match into the gasoline was not such as could have been reasonably anticipated, since it was not known that the boys had matches or were smoking and that their intervening act was the proximate cause of the explosion. The opinion contains an exhaustive review of the authorities and an extended discussion of the principle of intervening cause to which we could add nothing. The rule was there laid down that a defendant will be relieved of an original act of negligence provided harm would not have resulted from it except for the interposition of some new and independent cause which interrupted the natural sequence of events and caused the injury. As appears from the opinion in that case as well as from the holdings in numerous other cases which might be cited the problem, in the final analysis, is simply to determine which act was the proximate cause of the injury.

"The general rule is, as stated in Moyers v. Ogle, 24 Tenn. App. 682, 686, 148 S. W. (2d) 637, that if an independent negligence act sets into operation the circumstances which result in injury because of an already existing dangerous condition, such subsequent act is the proximate cause of the injury. See numerous cases cited in the opinion. However, there

are exceptions to the general rule and respectable authority for holding that the negligence of the first person in fault will be regarded as the proximate cause of an injury wherever the negligent acts of the subsequent wrongdoer are such as a man of ordinary experience and sagacity, acquainted with all the circumstances, reasonably should have anticipated. Kelsey v. Rebuzzini, 87 Conn. 556, 89 A. 170, 52 L. R. A., N. S., 103. But where the negligence of a third person is of an unusual character and the defendant's act or omission alone would not have produced the injuries to the plaintiff, the defendant will not be liable. Louisville Home Telephone Co. v. Gasper, 123 Ky. 128, 93 S. W. 1057, 9 L. R. A., N. S., 548.''

We cannot say that this defendant was guilty of any negligence in not foreseeing that this lot upon which a restaurant building had stood would be graded and filled and run over by heavy machinery and equipment and the gas pipes under the ground broken, allowing gas to escape and flow under ground to the building of the plaintiffs next door to the lot, over ninety days after the meter was removed.

The assignments of error are overruled and the judgment of the trial Court dismissing the case is affirmed.

The plaintiffs will pay the costs.

Felts and Hickerson, JJ., concur.

Affirmed.