JOHN M. WARD, Adm'r of the Estate of Gareth M. Ward, Deceased,

*v.*

THE UNIVERSITY OF THE SOUTH et al.

354 S. W. 2d 246.

(*Nashville,* December Term, 1961.)

Opinion filed February 8, 1962.

GEARINGER, BANKS & HUTCHESON, Chattanooga, GEORGE H. TYNE, Nashville, for plaintiff in error.

HARRY C. TEMPLETON and JOE R. HICKERSON, Winchester, for University.

H. G. BETTY and JOE S. BEAN, Winchester, for Skip Baker.

MR. SPECIAL JUSTICE HOWARD delivered the opinion of the Court.*

In this tort action the plaintiff, as next of kin and duly appointed administrator of the estate of Gareth M. Ward,

*Retired.

sued the defendants, University of the South, three of its officials, and Skip Baker, a gunsmith, for damages for the wrongful death of Gareth M. Ward, age 23, who was killed by a bullet fired accidentally from a pistol by Danforth Lucien Sawyer, Jr., age 19. The accident occurred in Sawyer's room in one of the University's dormitories. Both were students at the University. Ward being a junior and Sawyer a sophomore at the time. Sawyer had previously purchased the pistol from Skip Baker at nearby Cowan, Tennessee. Hereafter, the University and its three officials will be referred to as the University.

Plaintiff's declaration as amended is in two counts.

The first count alleges that Gareth M. Ward, deceased son of the plaintiff, John M. Ward, was a student at the University of the South at Sewanee, Tennessee, and that he and a fellow student, Danforth Lucien Sawyer, Jr., with several other students, roomed in dormitories on the University Campus; that pursuant to the prevailing social life of the University, Ward on the night of March 18, 1959, decided to pay Sawyer a visit at the latter's room; that upon arrival at Sawyer's room Ward found Sawyer sitting on his bed toying with a loaded pistol which he had previously purchased from the defendant Skip Baker; that while Sawyer was negligently toying with the pistol he caused it to fire accidentally, fatally wounding Ward.

It is alleged that Sawyer, who was not made a party defendant, was negligently and recklessly handling the pistol, and that he kept it in his room in violation of the published regulations of the University.

It is further alleged that the University was negligent in not preventing students from having firearms in their

possession, and in failing to enforce its regulations prohibiting students from having them; that the University knew or should have known of the activities of Baker selling firearms to students at nearby Cowan, Tennessee, and should have taken necessary precautions to prevent them from purchasing firearms from him; that the foregoing acts of negligence of the University were the proximate cause of the death of Ward.

The second count of the declaration alleges that the defendant Skip Baker, of Cowan, Tennessee, was a seller of firearms in violation of the law, and that he was guilty of negligence per se by selling the pistol to Sawyer, who was a minor, in violation of T.C.A. sec. 39-4905; that Baker knew or should have known of the regulations of the University prohibiting possession of firearms by its students, and that he was negligent in not reporting to the University the sale of the pistol to Sawyer; that the aforesaid acts of negligence on the part of Baker were proximate cause of the death of young Ward.

To the declaration the University and Baker filed separate demurrers, in each of which many grounds were the same. The Circuit Judge, after writing and filing a careful opinion with citation of authority, sustained several grounds of each demurrer and dismissed the case, and plaintiff has appealed.

While plaintiff has filed a statement of the case, brief and argument which, with exhibits, covers approximately 184 typewritten pages in which he charges error in the judgment sustaining the demurrers and dismissing the case, he has not filed an assignment of errors as required by Rule 14 (2) of the Rules of this Court.

*Moore v. City of Memphis, et al.*, 184 Tenn. 92, 195 S.W.2d 623. Plaintiff's failure to comply with the Rules would alone justify affirmance of the judgment.

■ ■    Attached to plaintiff's brief signed by Mr. H. H. Gearinger, of the law firm of Gearinger, Banks & Hutcheson, are several exhibits which are not a part of the pleadings. These exhibits contain extraneous matters and cannot be considered. In disposing of a demurrer, the Court is governed wholly and entirely by the face of the pleading demurred to, and cannot look outside of it to information contained in brief of counsel. *Jones v. Ducktown Sulphur, etc., Company*, 109 Tenn. 375, 71 S.W. 821; 41 Am.Jur. Sec. 246, pp. 465, 466. Consequently, our review in the instant case being confined exclusively to the face of the declaration, the obvious attempt on the part of counsel to bolster his argument with impertinent matters is highly improper.

■    Also, Mr. Gearinger, on page 16 of his brief, asserts that Exhibit 8, which cannot be considered for reasons stated, and the declaration as amended *"gives the lie* to the Trial Judge's conclusion that 'The University was not acquainted with all the circumstances.' " (Italics ours) This disrespectful assertion impugning the motives of the Trial Judge's ruling is not counsel's first offense of this nature; nor is it his first attempt to rely upon impertinent matters in his brief. In *Lansford v. Lansford,* a divorce case decided just recently by the Eastern Section of the Court of Appeals, petition for certiorari, this day denied, counsel not only attached to his brief several exhibits containing matters never introduced in evidence, but also made several defamatory charges in his brief impugning the motives of the Chan-

418

cellor, for which counsel was severely reprimanded by the Court.

Webster's New International Dictionary, 2nd Ed., 1957, defines the word lie as "a falsehood uttered or acted for the purpose of deception; an intentional statement of an untruth designed to mislead another; anything which misleads or deceives." In 53 C.J.S. Lie, p. 823, it says "the word 'lie' means an untruth deliberately told; the uttering or acting of that which is false for the purpose of deceiving; intentional misstatement."

Considered in the light of the foregoing authorities defining the word lie, and as the word is commonly used, there is not the slightest excuse for counsel's scandalous and impertinent assertion. It is not only an unwarranted defamatory imputation upon the integrity of one of the most able, conscientious and impartial trial judges in the State, but a flagrant violation of all the rules of professional propriety which govern the conduct of reputable members of the bar in their relations to the courts of which they are officers and in which they are allowed to practice.

■ While it is entirely proper for counsel in his brief to show errors, and apply the law to them, he is not permitted to insert matters which are defamatory, scandalous, impertinent and untrue. Nor will the courts tolerate, either orally or by brief, their use as a vehicle for abuse of the trial judge, or as a forum for an unsuccessful attorney to vent his spite.

5 C.J.S. Appeal & Error sec. 1327, p. 346, 347, clearly states the law bearing on this sort of offense, supported by an abundance of authority, as follows:

"A brief in no case can be used as a vehicle for the conveyance of hatred, contempt, insult, disrespect or professional discourtesy of any nature for the court of review, trial judge, or opposing counsel; invectives are not argument, and have no place in legal discussion, but tend only to produce prejudice and discord.

"The practice of inserting in briefs language which tends to bring ridicule on the trial judge or jury or which impugns his or their motives and conduct, is considered a very reprehensible one and deserving of the strongest censure, and statements objectionable in this regard will not be considered. The penalty therefor seems to depend in a measure on the degree of the offense; in a number of cases the reviewing court has seemed to consider it sufficient to reprimand counsel and sound a note of warning against any further repetition of his misconduct." Sec. 1327, pp. 346, 347.

Counsel, in the instant case, has exercised the practice of law in this state for several years, and by now should be well informed of the rules and standards required of a licensed attorney. Many of these rules and standards are defined in the Canons of Professional Ethics which, by Rule 38, have been incorporated in the Rules of this Court. 185 Tenn. 889. In making the unwarranted assertion in his brief, counsel obviously chose to ignore and violate these rules. In doing so, his misconduct was highly reprehensible, and he deserves to be and is reprimanded; and he is warned that any further repetitions of misconduct will not be tolerated.

We shall now consider the appeal.

420

■■■ By analysis of each count of the declaration, it is clearly discernable that the declaration is demurrable on several grounds. These grounds were pointed out by the Circuit Judge in his very able opinion, a portion of which we quote, as follows:

"It is obvious that there is a misjoinder of parties defendant for the declaration charges that the University and Baker acted independently.

"The first count charges the negligence of the University as the direct and proximate cause of the death of Ward. The second count charges the negligence of Baker as the proximate cause of the death of Ward.

" 'The general principle is well settled that where two or more parties are acting each for himself, in producing a result which injures plaintiff, they cannot be held jointly liable for the acts of each other.' *Hale v. City of Knoxville,* 189 Tenn. 491, 226 S.W.2d 265, 15 A.L.R.2d 1283; *Cole v. Ducktown Sulpher, Copper & Iron Co.,* 111 Tenn. 430, 78 S.W. 93. Ground one of Baker's demurrer and ground six of the University's demurrer are sustained.

"It is likewise obvious that the two counts of the declaration are repugnant and irreconcilable. One count charges the negligence of the University as the direct and proximate cause of the death of Ward. The other or second count charges that Baker's negligence was the direct and proximate cause of Ward's death. See *Grizzard v. Fite,* 137 Tenn. 103, 191 S.W. 969, L.R.A. 1917D, 652; *Slamper v. Venable,* 117 Tenn. 557, 97 S.W. 812; *Hale v. City of Knoxville,* 189 Tenn. 491, 226 S.W.2d 265, 15 A.L.R.2d 1283.

"Grounds seven of the University's and Baker's demurrers are accordingly sustained.

"Ground one of the University's demurrer is sustained for the reason the act of Sawyer, a pupil, in bringing the pistol to his dormitory room on the University campus, violated the rules of the University.

\* \* \*

" 'A college is not responsible in tort for the unauthorized acts of its students, or even of its professors.' 160 A.L.R. 270.''

The Circuit Judge also sustained each of the demurrers on similar grounds of intervening cause.

Succinctly, the declaration on its face shows that after Sawyer purchased the pistol from Baker, who lived several miles from the University, Sawyer took it to his room in violation of the regulations of the University expressly prohibiting students from having firearms; and that while Sawyer was negligently and recklessly toying with the pistol in his room in the presence of others, including Ward, the fatal shot was fired accidentally taking the life of Ward. The declaration neither alleges the date Baker sold the pistol nor how long Sawyer had had it. Nor does it allege that Baker knew Sawyer, or knew that he was a student at the University. Likewise, no charge was made that Baker sold Sawyer a loaded pistol or cartridges therefor, and it may be assumed that the pistol was not loaded at the time of the sale.

■ The test of liability under the law of intervening cause requires a person to anticipate or foresee what usually will happen. It does not require him to antici-

pate and provide against what is unusual or unlikely to happen, or that which is remotely possible, but whether it was probable according to the usual experience of persons. *Moody v. Gulf Refining Company*, 142 Tenn. 280, 218 S.W. 817, 8 A.L.R. 1243; *Moyers v. Ogle*, 24 Tenn.App. 682, 148 S.W.2d 637; *Ford Motor Co. v. Wagoner*, 183 Tenn. 392, 192 S.W.2d 840, 852, 164 A.L.R. 364; *Rader v. Nashville Gas Co.*, 37 Tenn. App. 621, 268 S.W. 2d 114; 65 C.J.S. Negligence sec. 111, pp. 685, 699, 700.

In *Moody v. Gulf Refining Company*, supra, the Court said:

"An injury that is the natural and probable consequence of an act of negligence is actionable, and such an act is the proximate cause of the injury. But an injury which could not have been foreseen or reasonably anticipated as the probable result of an act of negligence is not actionable and such an act is either the remote cause, or no cause whatever, of the injury."

Applying the foregoing rule to the facts alleged in the declaration and allowing every intendment in their favor, as we are required to do in testing the declaration by demurrer, we think that the mere possibility of either defendant foreseeing or anticipating the tragic consequences of Sawyer's acts was so remote, unreasonable and improbable as to leave no room for speculation.

Finally, conceding that Baker was guilty of negligence per se in selling the pistol to Sawyer in violation of the provisions of T.C.A. sec. 39-4905, prohibiting the sale of certain weapons to minors, the unlawful sale created only a condition from which no harm was reasonably foreseeable or could have resulted had it not been for the

subsequent, unrelated, unforeseeable, intervening acts of Sawyer, who, at the age of 19 and a sophomore at the University, was capable of comprehending the full import and consequences of his deed.

The rule is well settled that where two distinct causes, unrelated in operation, contribute to an injury, one of them being a direct cause and the other furnishing the condition by which the injury was made possible, the former alone is responsible for the result. *Nashville, C. & St. L. Ry. v. Harrell,* 21 Tenn.App. 353, 110 S.W.2d 1032; *Ford Motor Co. v. Wagoner,* supra; *Louisville & Nashville Railroad Co. v. Head,* 46 Tenn.App. 612, 332 S.W.2d 682; *Eckerd's, Inc. v. McGhee,* 19 Tenn. App. 277, 86 S.W.2d 570; 65 C.J.S. Negligence sec. 111, p. 685.

Applying the above rule in *Nashville, C. & St. L. Rd. v. Harrell,* supra, the Court said:

" 'In cases of this character, where two distinct, successive causes, unrelated in operation, to some extent contribute to an injury, it is settled that, where there is an intervening and direct cause, a prior and remote cause cannot be made the basis of recovery of damages, if such prior cause did no more than furnish the condition, or give rise to the occasion, by which the injury was made possible. It seems to be sound in principle, as well as settled by authority, that where it is admitted or found that two distinct, successive causes, unrelated in their operation, conjoin to produce a given injury, one of them must be the proximate, and the other the remote, cause of the injury, and the court, in passing on the facts as found or admitted to exist, must regard the proximate as the

efficient and the consequent cause, and disregard the remote cause.'

"The principles stated in the authorities herein cited (with respect to the proximate cause of an injury) where applied by this court in the case of *Eckerd's Inc. v. McGhee,* 19 Tenn.App. 277, 86 S.W.2d 570, wherein it was held that the defendant (a druggist) was guilty of negligence in selling, contrary to statute, poisonous drugs, viz., bichloride of mercury tablets and tincture of iodine, to a minor under sixteen years of age, without the written order of some responsible adult person; but that the defendant druggist was not liable in damages to the minor plaintiff, for the reason that her act in voluntarily swallowing the poisons, knowing what she was doing and the probable consequences thereof, and not the negligence of the druggist, was the proximate cause of her injuries; and the judgment of the circuit court for plaintiff was reversed and the suit dismissed."

In *Ford Motor Co. v. Wagoner,* supra, the late Chief Justice Chambliss quoted with approval from Street's Foundations of Legal Liability in which the author thus states the doctrine of intervening cause:

" 'Damage cannot be attributed to a given negligent act as the proximate cause when it appears that subsequent to that negligence, a new, independent, and unexpected factor intervenes which itself appears to be the natural and real occasion of the mischief. The intervening cause breaks the chain of legal causation and relieves the original negligent actor of responsibility.' "

So, taking the allegations of the declaration as true, we are of the opinion that the unforeseeable, unexpected, careless, imprudent and independent intervening acts of Sawyer were the sole, direct and proximate cause of the premature death of Ward, for which neither of the defendants charged would be liable.

It results that we find no merit in the appeal, and the judgment of the Trial Judge sustaining the demurrers and dismissing the case is affirmed at the costs of plaintiff-in-error.

PREWITT, CHIEF JUSTICE, and BURNETT and FELTS, JUSTICES, concur.