William H. **FLY and Janet D. Fly, as Natural Parents and Next Friends of David H. Fly, Deceased, Plaintiffs–Appellants,**

v.

**Michael Joseph CANNON, Helen E. Butts (Appellee), Wesley Harville, James B. Simonton and Vickie B. Simonton d/b/a Guns and Ammo, A Partnership, Defendants.**

Court of Appeals of Tennessee,
Western Section, at Jackson.

Feb. 11, 1991.

Application for Permission to Appeal
Denied by Supreme Court
May 28, 1991.

R. Sadler Bailey, Memphis, for plaintiffs-appellants.

J. Kimbrough Johnson, Memphis, for appellee, Helen Butts.

CRAWFORD, Judge.

Plaintiffs appeal from the order of the trial court granting summary judgment to defendant, Helen E. Butts, which was made final pursuant to Rule 54.02, Tennessee Rules of Civil Procedure.

The material facts are virtually undisputed. Plaintiffs are the parents of David Fly, who was killed on October 20, 1989, when he was shot with a .44 magnum handgun by defendant, Michael Joseph Cannon. Defendant Butts is the grandmother of Cannon and the deceased. The boys were first cousins and best friends. Cannon's parents were killed in an automobile accident when he was approximately three years of age and defendant Butts became his court appointed legal guardian. Ms. Butts provided a home for Cannon and his older sister. Cannon became 18 years of age on June 14, 1989, approximately four months prior to the October 20th incident resulting in the death of Fly. When Cannon became 18 years of age, the legal guardianship was terminated and all guardianship assets were transferred to Cannon. For a short time after Cannon reached the age of 18, he continued to live in a wing of Ms. Butts' house, somewhat separate from the main part of the house.

From an early age, Cannon had been interested in guns and hunting and had taken a hunter's safety course when he was in sixth grade. In addition to the .44 magnum involved in this lawsuit, he owned a 12 gauge Browning shotgun, a 12 gauge Marlin goose gun, a Winchester 22 rifle, a muzzle loader, a Savage 270 deer rifle, a Baretta 9 millimeter pistol and a Swedish Mouser rifle. He also owned a bullet making machine.

Most of the guns Cannon owned were inherited from his father. Two of his guns

were purchased by Ms. Butts with Cannon's funds while she was his guardian. She first purchased a deer rifle and then later, when Cannon was about sixteen years of age she purchased the .44 magnum which he also wanted for deer hunting. Cannon first attempted to purchase the .44 magnum himself but because of his age was unable to do so. He asked his grandmother to buy it for him which she did. Cannon used the gun for deer hunting approximately two years prior to the incident of October 20, 1989. On that date, Cannon purchased ammunition for the gun and had gone to Potts Camp, Mississippi to "sight in" the gun for deer season.

On the night of October 20, Cannon was in his bedroom and heard a noise outside near the sliding glass door going to the back yard. He was startled and frightened. He grabbed the loaded .44 magnum and went to the sliding glass door. He pulled the curtain back and saw the figure of a person which he thought was preparing to break into the house and he fired a shot through the glass door. The bullet struck and killed the decedent. The defendant, Ms. Butts, was in the other part of the house at the time of this incident and had no knowledge of any of the details until after the shooting.

Plaintiffs filed suit for the wrongful death of their son and named as defendants, Cannon; Butts; Leslie Harville, the seller of the .44 magnum; and James B. and Vicky B. Simonton, d/b/a Guns & Ammo, partnership, the seller of the ammunition. The allegations of negligence against defendant Butts in the complaint are:

> That the defendant Helen Butts is guilty of negligence in that she failed to exercise reasonable care under the attendant circumstances in the following manners, to-wit:
>
> (a) In providing Defendant Michael Joseph Cannon with a 44 Magnum pistol when she knew, or should have known, that he did not possess the requisite age, experience, skill, training, or maturity or judgment to properly handle the weapon;

> (b) In entrusting a pistol to a minor when she knew or had reason to know that said minor was likely to cause harm to individuals such as Plaintiff's Decedent or others similarly situated;
>
> (c) In unlawfully entrusting or delivering a pistol to a minor in violation of 18 U.S.C. 922 and T.C.A. 39–6–1705.

Ms. Butts' answer joins issue on the material allegations against her, denies that she was guilty of negligence and denies that negligence on her part was a direct and proximate cause of the death of the decedent. She moved for dismissal of the complaint for failure to state a claim upon which relief can be granted. The court considered extrinsic evidence and treated the motion as a motion for summary judgment. The only issue on appeal is whether the trial court erred in granting summary judgment to defendant Butts.

■ Summary judgment is to be rendered by a trial court only when it is shown that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Tenn.R.Civ.P. 56.03 (1984). In ruling on a motion for summary judgment, the trial court and the Court of Appeals must consider the matter in the same manner as a motion for a directed verdict made at the close of the plaintiff's proof, i.e., all the evidence must be viewed in the light most favorable to the opponent of the motion and all legitimate conclusions of fact must be drawn in favor of the opponent. It is only when there is no disputed issue of material fact that a summary judgment should be granted by the trial court and sustained by the Court of Appeals. *Graves v. Anchor Wire Corp. of Tennessee*, 692 S.W.2d 420 (Tenn.App.1985); *Bennett v. Mid–South Terminals Corp.*, 660 S.W.2d 799 (Tenn.App.1983).

Plaintiffs assert that Ms. Butts was negligent in entrusting the .44 Magnum to a minor and that this violated T.C.A. § 39–6–1705 which prohibits the giving of a pistol and other items to a minor. Plaintiffs also assert that defendant Butts violated 18 U.S.C. 922 which, among other things, prohibits licensed dealers, manufacturers and

others similarly situated from selling a handgun to anyone under 21 years of age.

In order to prevail under a negligence theory a plaintiff must demonstrate that the defendant owed a legally recognized duty to the injured plaintiff, that the defendant breached the duty, and that plaintiff's injuries were the proximate and foreseeable result of defendant's breach of duty. *Redbud Coop. Corp. v. Clayton*, 700 S.W.2d 551 (Tenn.App.1985); *Roberts v. Robertson County Bd. of Educ.*, 692 S.W.2d 863 (Tenn.App.1985). Plaintiffs argue in their brief the theory of negligent entrustment. They aver that defendant was negligent in entrusting the firearm to Cannon because he was not of legal age and that she knew or should have known that he "did not possess the maturity, responsibility and judgment required for possessing such a weapon."

Plaintiffs make general allegations concerning what Ms. Butts should have known about Cannon's maturity, but the record does not bear out the allegations. Cannon had the gun for about two years prior to the shooting and it had been used for hunting during that period of time. There is nothing in the record to indicate that he had ever been irresponsible in the use of any of his firearms prior to the incident in question. There is nothing in the record about any knowledge on the part of Ms. Butts of any irresponsible conduct on the part of Cannon in connection with the gun in question or any of the other guns that he owned.

Plaintiff Janet Fly's affidavit recites that Ms. Butts told her that Cannon was sometimes belligerent and hostile toward her and that she was concerned that she had lost control of him. These concerns were expressed to Ms. Fly by Ms. Butts during the period of one or two years prior to the death of the decedent. Such information on the part of Ms. Butts in no way gives her knowledge that Cannon might act irresponsibly with his firearms. At the time of the unfortunate incident, Cannon was an adult. The alleged negligence on the part of Ms. Butts occurred when Cannon was a minor. If, for argument's sake, we assume that Ms. Butts was negligent, and we do not believe she was, this negligence clearly could not be the proximate cause of this accident. It is not foreseeable that Cannon, as an adult owning several guns, would use this particular gun in the defense of his home.

We, like Judge Nearn, in *Alan v. Carlton*, No. 89-85-II, 1989 WL 106243 (Tenn. Ct.App. [W.Sec. at Nashville] September 13, 1989), see no need to prolong this opinion. Borrowing Judge Nearn's language:

"It all boils down to the fact that plaintiffs' case is built, not upon provable facts, but upon conjecture stretched beyond its limits of elasticity...."

*Id.* at p. 3.

In *Ward v. University of the South*, 209 Tenn. 412, 354 S.W.2d 246 (1962), a wrongful death suit was filed resulting from the negligent firing of a pistol. The plaintiffs sued, among others, the seller of the firearm to the negligent party, who was a minor at the time the pistol was bought. The trial court sustained demurrers to the declarations. As to the seller of the pistol, the trial court found that the negligence of the buyer of the pistol was an independent intervening cause. The Court said:

The test of liability under the law of intervening cause requires a person to anticipate or foresee what usually will happen. It does not require him to anticipate and provide against what is unusual or unlikely to happen, or that which is remotely possible, but whether it was probable according to the usual experience of persons. *Moody v. Gulf Refining Company*, 142 Tenn. 280, 218 S.W. 817, 8 A.L.R. 1243; *Moyers v. Ogle*, 24 Tenn.App. 682, 148 S.W.2d 637; *Ford Motor Co. v. Wagoner*, 183 Tenn. 392, 192 S.W.2d 840, 852, 164 A.L.R. 364; *Rader v. Nashville Gas Co.*, 37 Tenn. App. 621, 268 S.W.2d 114; 65 C.J.S. Negligence § 111, pp. 685, 699, 700.

In *Moody v. Gulf Refining Company*, supra, the Court said:

"An injury that is the natural and probable consequence of an act of negligence is actionable, and such an act is the proximate cause of the injury. But an injury

which could not have been foreseen or reasonably anticipated as the probable result of an act of negligence is not actionable and such an act is either the remote cause, or no cause whatever, of the injury."

Applying the foregoing rule to the facts alleged in the declaration and allowing every intendment in their favor, as we are required to do in testing the declaration by demurrer, we think that the mere possibility of either defendant foreseeing or anticipating the tragic consequences of Sawyer's acts was so remote, unreasonable and improbable as to leave no room for speculation.

Finally, conceding that Baker was guilty of negligence per se in selling the pistol to Sawyer in violation of the provisions of T.C.A. § 39–4905, prohibiting the sale of certain weapons to minors, the unlawful sale created only a condition from which no harm was reasonably foreseeable or could have resulted had it not been for the subsequent, unrelated, unforeseeable, intervening acts of Sawyer, who, at the age of 19 and a sophomore at the University, was capable of comprehending the full import and consequences of his deed.

354 S.W.2d at 250–251.

The record in the case before us simply does not furnish any evidence that Ms. Butts was negligent in purchasing the pistol in the first place. Even if by some remote chance there was negligence on her part, the record clearly shows that the cause of the untimely death of the decedent was the independent intervening act of Cannon.

Plaintiffs' allegation that Ms. Butts violated 18 U.S.C. 922 is without merit. The statute is applicable only to licensed dealers, manufacturers and others expressly set out in the statute. Those specified do not include individuals in the position of Ms. Butts. Plaintiffs also allege Ms. Butts violated T.C.A. § 39–6–1705. Even assuming that Ms. Butts did violate the statute, it is clear that the violation of the statute was not a proximate cause of the unfortunate

incident. *Ward v. University of the South, supra.*

Accordingly, the order of the trial court granting summary judgment to defendant Butts is affirmed and this case is remanded to the trial court for such further proceedings as may be necessary. Costs of the appeal are assessed against the appellants.

FARMER, J., and McLEMORE, Special Judge, concur.