David LOURIA and wife Melinda Leah
Louria, Plaintiffs–Appellants,

v.

Gerald BRUMMETT, Jr., Gerald Brummett, Sr., Kathy Brummett, Michael Allen, Teresa Allen, Perry Allen, Virgil Rains and K–Mart Corporation, Defendants–Appellees.

Court of Appeals of Tennessee,
Eastern Section.

Aug. 31, 1995.

Application for Permission to Appeal
Denied by Supreme Court
Jan. 29, 1996.

Christopher W. Martin, Knoxville, for appellants.

Douglas L. Dutton, Knoxville, for K–Mart Corporation.

## OPINION

GODDARD, Presiding Judge.

This appeal concerns the liability of a shopkeeper for the subsequent criminal acts of those who steal merchandise. The Plaintiffs, David Louria and wife Melinda Leah, appealed from summary judgment granted to the Defendant K–Mart, and to the Defendant Virgil Rains, who is not a party to this appeal.

The Plaintiffs filed suit for damages from injuries sustained by gunshot wounds to David Louria. Louria, who was an Anderson County Sheriff's Deputy, was shot while responding to a complaint concerning gunshots being fired at the abandoned Shinlever School in Anderson County. The school property was owned by the Defendant Virgil Rains.[1] While investigating the complaint, Louria was shot three times by Gerald Brummett, Jr., and Michael Allen, both of whom were minors at the time of the incident, and were also named as Defendants in this case.

Brummett and Allen stole the guns used in the attack on Louria from the K–Mart in South Clinton, Tennessee. The pair stole a 20–gauge Mossburg shotgun and a 20–gauge Remington shotgun from the store on April 20, 1993, the day before the incident at the

---

1. The Plaintiffs have dismissed their appeal as it relates to Mr. Rains.

Shinlever school. The Plaintiffs' complaint as amended alleged that K–Mart did not take proper measures to secure the guns and to prevent their removal, and such failure was a direct and proximate cause of Louria's injuries.

K–Mart Corporation was granted summary judgment based upon the Judge's conclusion that a jury could not find that K–Mart was liable because of the intervening proximate cause of the intentional injury to Louria, and that K–Mart was not negligent. The Plaintiffs appeal that decision. For the reasons set forth below, we affirm the granting of summary judgment.

◾ Generally in Tennessee, a defendant will not be liable for the injuries to a plaintiff if there is a superseding, intervening cause of those injuries. *Ward v. University of the South,* 209 Tenn. 412, 354 S.W.2d 246 (Tenn.1962). Furthermore, if an injury is not reasonably foreseeable, a third party's criminal act constitutes a superseding, intervening cause, which will relieve the defendant of liability. *Tedder v. Raskin,* 728 S.W.2d 343 (Tenn.App.1987).

The Plaintiffs claim that recent cases by our Supreme Court regarding the foreseeability of superseding intervening causes require the issue to be decided by a jury. Specifically, the Plaintiffs cite *McClenahan v. Cooley,* 806 S.W.2d 767 (Tenn.1991) and *Cook v. Spinnaker's of Rivergate, Inc.,* 878 S.W.2d 934 (Tenn.1994), as standing for the proposition that the foreseeability requirement does not require a tort-feasor to foresee the exact manner in which an injury takes place. Rather, all that is required is that harm in the abstract could be reasonably foreseeable. Thus, the plaintiffs argue, all that was required for the issue to go to the jury was for the plaintiffs to prove that K–Mart should have reasonably foreseen that firearms stolen from their premises due to insufficient safeguards would be used to harm a third party.

We believe the cases the Plaintiffs rely on are distinguishable from the instant case. In *McClenahan,* the Supreme Court held that a jury should be allowed to determine the issue of proximate causation in a case where the defendant had left the keys in a car that was subsequently stolen and involved in an accident which killed three people. The Court did, however, limit its holding to the particular facts of the case, specifically stating that a different result could be reached under similar circumstances, and such a determination would "depend on the entire circumstantial spectrum."

The other case relied upon by the Plaintiffs, *Cook v. Spinnaker's of Rivergate, Inc.,* is also distinguishable. There, the Supreme Court, on a petition to rehear, said that the defendant restaurant, which had served alcohol to a minor who was subsequently injured in an automobile accident, might be able to establish that the restaurant's act of serving her was the proximate cause of the accident.

More on point, we think, is the case of *Doe v. Linder Const. Co., Inc.,* 845 S.W.2d 173, 181 (Tenn.1992). The Court summarized the facts and holding of that case as follows:

> Simply put, there is no authority for holding that in the circumstances presented by this record the defendants were required to foresee that the painter-wallpaper hanger would steal a key to a building which later would become the sales office, that he would use that key in order to steal a key to one of the completed residences, and that he would use the second key to commit a criminal assault upon the occupant. There is no precedent or responsible authority which requires the builder-seller, under the circumstances of this case, to foresee a crime upon a crime upon a crime.

The Plaintiffs claim that the facts of *Doe* are so convoluted as to render a comparison to this case pointless. We disagree. Three crimes were committed by the same person in *Doe,* which, based upon the negligence of the builder, according to the plaintiff, led to the assault upon a third party. Such is the case here. The minors committed their first crime by breaking into and stealing guns

from K–Mart. According to the Plaintiffs, the minors were able to do that due to K–Mart's negligence. Secondly, the minors the following day broke into the Shinlever School. Finally, after resisting arrest, the minors shot and wounded officer Louria. For K–Mart to be liable, they would have had to foreseen a crime upon a crime upon a crime, precisely as in *Doe*.

We find further support in our decision in *Page v. American Nat. Bank & Trust Co.*, 850 S.W.2d 133 (Tenn.App.1991), where we said the duty of a shopkeeper with respect to criminal acts should not be the same as the duty of a shopkeeper with regard to careless acts. Quoting *Cornpropst v. Sloan*, 528 S.W.2d 188 (Tenn.1975), we said:

> There is no duty upon the owners or operators of a shopping center, individually or collectively, or upon merchants and shopkeepers generally, whose mode of operation of their premises does not attract or provide a climate for crime, to guard against the criminal acts of a third party, unless they know or have reason to know that acts are occurring or about to occur on the premises that pose imminent probability of harm to an invitee; whereupon a duty of reasonable care to protect against such act arises.

While it is true that that case involved a criminal attack on a third party on the shopkeeper's premises, we think the reasoning applies to this case. If shopkeepers have no duty to guard against criminal acts occurring on their premises unless they have reason to know such an act will occur, certainly they have no duty to guard against criminal acts occurring on property unrelated to the shopkeepers.

Of course, this rationale would not apply to a situation where a shopkeeper had reason to know that a criminal act would occur. The Plaintiffs claim that K–Mart did not meet the applicable standard of care of a merchant who sells firearms in safeguarding those guns. In support of this proposition, they cite a case from the Oregon Supreme Court, which held that a plaintiff did state a valid claim for relief against a gun retailer who failed to safeguard against burglary. In that case, guns that were stolen were used to intentionally kill someone. *Kimbler v. Stillwell*, 303 Or. 23, 734 P.2d 1344 (1987). The Oregon Court said "We cannot say, as a matter of law, that the theft of the guns and the resulting injury were so highly unusual that the harm could not be foreseen."

■ This appears to be the only decision finding a gun merchant liable under these circumstances. While Oregon courts may find the resulting crime from a shopkeeper's negligence in storing guns foreseeable, Tennessee courts do not.

For the reasons stated above, the judgment of the Trial Court is affirmed and the cause remanded for collection of the costs below. Costs of appeal are adjudged to the Plaintiffs.

FRANKS, J., files separate concurring opinion.

SUSANO, J., concurs.

FRANKS, Judge, concurring.

I concur with Judge Goddard's opinion because the Supreme Court, as recently as 1992 in *Doe*, cited by Judge Goddard, essentially reaffirmed the common law principle that there is no duty to protect others from criminal acts.

We are bound by the decisions of our Supreme Court, but I believe the view of foreseeability advanced in *Doe* is too restrictive. I would subscribe to the view advanced by the Supreme Court in *Inter City Trucking Co. v. Daniels*, 181 Tenn. 126, 178 S.W.2d 756 (Tenn.1944) where the Court said:

> [i]n a tort action for damages liability is not limited to injuries resulting which were foreseen by the tort feasor, but—adopting, in substance, an apt phrase employed by the learned English judges—extends to whatever injuries were within the reasonable range of the risk created by the negligent act, or omission of the defendant.

*Id.* at 131, 178 S.W.2d 756.

I believe Courts should take into account the relative cost to society, a view advanced

by Judge Richard Posner and others, when determining the basis of liability, i.e., the costs of safeguards vis a vis the mischief caused due to the omissions. As is observed in the work of *Prosser & Keeton on Torts,* 5th Ed.,

> [the] gravity, of the risk, must be balanced in every case the utility of the type of conduct in question. The problem is whether the "game is worth the candle". While many risks are caused by simple carelessness, many other risks may reasonably be run, with the full approval of the community. *Id.,* 171

Prosser and Keeton also succinctly frame the issue thus:

> There is perhaps no other one issue in the law of torts over which so much controversy has raged ... at the risk of becoming wearisome, it must be repeated that the question is primarily not one of causation, and never arises until causation has been established. It is rather one of a fundamental policy of the law, as to whether the defendant's responsibility should extend to such results ... whether there is to be such legal responsibility is a matter of policy, of the end to be accomplished; and when we say for example that the defendant is or is not "under a duty" to protect the plaintiff against such consequences, "duty" is only a word with which we state our conclusion, and no more. *Id.,* 280–1.

I concur with the majority because the "fundamental policy" established by the Supreme Court is not to extend liability to these circumstances.