IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs January 2, 2024

## SUSAN B. FERKIN v. KATHERINE BELL

**Appeal from the Circuit Court for Shelby County**
**No. CT-2859-22      Damita J. Dandridge, Judge**

_____

**No. W2023-00514-COA-R3-CV**

_____

This case involves a petition for judicial review filed pursuant to the Tennessee Public Records Act, Tenn. Code Ann. § 10-7-503, *et seq.*, after the petitioner requested audio recordings of a third-party's post-conviction hearings from a court reporter. The circuit court dismissed the petition. The petitioner appeals. For the following reasons, the appeal is hereby dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

CARMA DENNIS MCGEE, J., delivered the opinion of the court, in which JOHN W. MCCLARTY joined. W. NEAL MCBRAYER, J., not participating.

Susan B. Ferkin, Memphis, Tennessee, Pro se.

Jonathan Skrmetti, Attorney General and Reporter, James R. Newsom, III, Special Counsel, and Robert W. Wilson, Senior Assistant Attorney General, for the appellee, Katherine Bell.

## OPINION

### I.   FACTS & PROCEDURAL HISTORY

In January 2022, Susan Ferkin mailed a public records request to the Shelby County Criminal Court Clerk requesting audio recordings of the post-conviction hearings of Michael Halliburton.[1] In February 2022, Ms. Ferkin received a response from Katherine

---

[1] The parties filed cross-motions for judgment based on the pleadings, so the facts set forth in this opinion are largely drawn from the complaint and are taken as true for purposes of this appeal. *See Recipient of Final Expunction Ord. in McNairy Cnty. Cir. Ct. Case No. 3279 v. Rausch*, 645 S.W.3d 160, 164 (Tenn.

Bell in the Court Reporter's Office. The response stated, "Pursuant to the ruling from the Court of Appeals in the case of State of Tennessee ex. [rel]. James R. Wilson v. Howard Gentry, et al, audio recordings are not public record."

In July 2022, Ms. Ferkin filed a *pro se* petition for judicial review in circuit court pursuant to the Tennessee Public Records Act, Tenn. Code Ann. § 10-7-503, *et seq*. Ms. Bell, the Court Reporter Administrator for the Criminal Court, was named as the respondent. According to the petition, Ms. Ferkin sought audio recordings from post-conviction hearings on five dates in 2019. Ms. Ferkin asserted that she had attended the hearings and that upon her review of the transcripts, "there were critical discrepancies between the transcript and what I witnessed and heard during the courtroom hearings." Thus, she sought "[a] certified, unedited copy of the post-conviction hearings." She alleged that Ms. Bell was part of "an ongoing conspiracy to deny me access to public records." Ms. Ferkin attached to her petition the letter from Ms. Bell denying the request for the audio recordings, in addition to various other documents.

Ms. Bell, by and through the Office of the Tennessee Attorney General, filed a motion to dismiss the petition for judicial review for failure to state a claim upon which relief could be granted. Ms. Bell contended that court reporter audio recordings of post-conviction hearings are confidential records pursuant to Tennessee Supreme Court Rule 34(2)(c)(v) and (viii) and *State ex rel. Wilson v. Gentry*, No. M2019-02201-COA-R3-CV, 2020 WL 5240388 (Tenn. Ct. App. Sept. 2, 2020) *perm. app. denied* (Tenn. Dec. 2, 2020). Thus, Ms. Bell contended that the recordings were not subject to disclosure under the Public Records Act.

Ms. Ferkin filed a reply to the motion to dismiss along with a motion for judgment as a matter of law. She argued that this Court's recent decision in *Waggoner v. State*, 666 S.W.3d 384 (Tenn. Ct. App. 2022), had "completely invalidated" Ms. Bell's arguments and rendered her reliance on *Gentry* "no longer valid," as it was "abrogated" by *Waggoner*. Thus, she requested that the circuit court enter judgment on the pleadings in her favor pursuant to Tennessee Rule of Civil Procedure 12.03. Alternatively, she asked that Ms. Bell be required to appear and show cause as to why she was denying the public records request.

The trial court held a hearing on the cross-motions on February 17, 2023. After argument, the trial court orally ruled that it would deny Ms. Ferkin's petition and her motion for judgment as a matter of law and grant Ms. Bell's motion to dismiss. Before the trial court entered a written order incorporating its oral rulings, Ms. Ferkin filed a motion for disqualification of the trial judge on February 24. The trial court entered its written order of dismissal on February 28. However, on March 2, the trial court vacated its order of dismissal *sua sponte*, explaining that the court was unaware that Ms. Ferkin had filed a

2022).

recusal motion until after the order was signed. The trial court set the recusal motion for a hearing. After the hearing on the recusal motion, the trial court entered an order denying the motion for disqualification.

The trial court then entered an order dismissing the petition for judicial review. Simply put, the trial court explained that "*Gentry* controls," as the Court of Appeals in that case determined that court reporter audio recordings of post-conviction proceedings were exempt from disclosure under the Public Records Act. As such, the trial court denied Ms. Ferkin's petition and motion for judgment as a matter of law and granted Ms. Bell's motion to dismiss. Ms. Ferkin timely filed a notice of appeal to this Court. In a separate appeal on accelerated interlocutory review, this Court affirmed the trial court's decision denying Ms. Ferkin's recusal motion. *Ferkin v. Bell*, No. W2023-00481-COA-T10B-CV, 2023 WL 2993328 (Tenn. Ct. App. Apr. 18, 2023) *perm. app. denied* (Tenn. May 26, 2023).

## II.    ISSUES PRESENTED

In her brief on appeal, Ms. Ferkin presents seven issues for review:

1.    Should *State ex rel. Wilson v. Gentry*, No. M2019-02201-COA-R3-CV, 2020 WL 5240388 (Tenn. Ct. App., Sept. 2, 2020), be declared void because it is bad law?

2.    Should Petitioner's public records request b[e] granted?

3.    Should members of this court consider the requirements of Tenn. Sup. Ct. R. 8, RPC 8.3, Reporting Professional Misconduct and Tenn. Sup. Ct. R. 10, RJC 2.15, Responding to Judicial and Lawyer Misconduct, to be void and inapplicable to members of the bench and bar?

4.    Should the Court take judicial notice of violations of Tenn. Sup. Ct. R. 8, RPC 8.3 and Tenn. Sup. Ct. R. 10, RJC 2.15 by members of the bar?

5.    Is the judgment of the Tennessee Supreme Court in *Ferkin v. Bell*, W2023-00481-SC-T10B-CV (Tenn. May 26, 2023), void for lack of personal jurisdiction because of the violation of Tenn. Const., Art. VI, sec. 11 and the U.S. Const., Amend. XIV, by Justice Page?

6.    May an appellate court pretermit prima facie evidence of a superior court's failure to abide by a jurisdictional requirement mandated by both state and federal constitutions?

7.    Have the Tennessee Courts, in their general abrogation of their Constitutional duty to follow the law, effectively extorted money—in the way of court fees and taxes—from Petitioner by fraudulently claiming that the Courts will give her, a pro se

litigant, a fair hearing? Furthermore, does the extortion have the practical effect of discouraging a person of reasonable determination from exercising her constitutional right to access the courts under the U.S. Const., Amend. I, and the Tenn. Const., Art. I, sec. 17 and Art. XI, sec. 2?

In her posture as appellee, Ms. Bell responds to the first two issues by contending that the trial court properly dismissed Ms. Ferkin's petition for judicial review. Regarding issues three through seven, Ms. Bell contends that Ms. Ferkin's arguments regarding bias and impropriety within the Tennessee judiciary should be deemed waived for failure to file a brief that complies with the Tennessee Rules of Appellate Procedure and Rules of the Court of Appeals. In addition, Ms. Bell points out the attacks on the judiciary throughout Ms. Ferkin's brief on appeal and asks this Court to strike them or grant further additional relief for "showing disrespect or contempt for any court of Tennessee" pursuant to Tennessee Court of Appeals Rule 9.

For the following reasons, we strike Ms. Ferkin's briefs and dismiss the appeal.

### III. DISCUSSION

As previously noted, Ms. Bell asserts that there are attacks on the judiciary throughout Ms. Ferkin's brief on appeal and asks this Court to strike them or take further action as this Court may deem proper for "showing disrespect or contempt for any court of Tennessee" pursuant to Tennessee Court of Appeals Rule 9. Rule 9 states, "Any brief or written argument containing language showing disrespect or contempt for any court of Tennessee will be stricken from the files, and this Court will take such further action relative thereto as it may deem proper." Tenn. Ct. App. R. 9.

In this Court's opinion resolving Ms. Ferkin's Rule 10B appeal from the denial of the trial judge's recusal motion, we noted similar language in her brief in that case. We stated:

> Accusing the trial judge of being untruthful is not the only troubling accusation included in Ms. Ferkin's petition for an accelerated interlocutory review. She accuses the trial judge of violating her oath of office by not reporting other judges to the Tennessee Board of the Judicial Conduct. And she makes general statements showing disrespect for the courts of this State, mimicking claims made by Michael Cory Halliburton. *See Halliburton v. Ballin*, No. W2022-01208-COA-T10B-CV, 2022 WL 4397190, at *6 (Tenn. Ct. App. Sept. 23, 2022). **Ordinarily such statements would be grounds for striking her petition and dismissing the appeal.** *See* TENN. CT. APP. R. 9. Exercising our discretion, we strike only the offensive language.

*Ferkin v. Bell*, No. W2023-00481-COA-T10B-CV, 2023 WL 2993328, at *3 n.3 (Tenn.

- 4 -

Ct. App. Apr. 18, 2023) (emphasis added).

Despite this warning, Ms. Ferkin's appellate brief filed in this appeal six months later took those attacks to another level. Her brief is riddled with continued attacks on various members of the judiciary and several courts. We note that courts do not tolerate such language from attorneys. *See, e.g.*, *Bd. of Pro. Resp. v. Parrish*, 556 S.W.3d 153, 155 (Tenn. 2018) (affirming a six-month suspension of an attorney who filed motions to recuse containing pejorative statements about three appellate judges); *Ward v. Univ. of S.*, 354 S.W.2d 246, 249 (Tenn. 1962) ("While it is entirely proper for counsel in his brief to show errors, and apply the law to them, he is not permitted to insert matters which are defamatory, scandalous, impertinent and untrue. Nor will the courts tolerate, either orally or by brief, their use as a vehicle for abuse of the trial judge[.]"); *Miller v. Nissan Motor Mfg. Corp.*, No. M2000-00185-WC-R3-CV, 2001 WL 650371, at *10 (Tenn. Workers Comp. Panel June 13, 2001) (explaining that counsel's brief "is not permitted to insert matters which are impertinent and disrespectful of the trial judge"); *Ross v. Ross*, No. M2008-00594-COA-R3-CV, 2008 WL 5191329, at *8-9 (Tenn. Ct. App. Dec. 10, 2008) (noting a brief referred to statements of the trial court as "lies" and the trial judge's actions as "illegal" and "calculated," and stating that "[w]hile an attorney should zealously represent their client, impugning the trial court steps over the boundaries of appropriate conduct" and "her use of the brief as a vehicle to convey her contempt of the trial court is inexcusable").

Such language is not tolerated from *pro se* litigants either.

"A brief in no case can be used as a vehicle for the conveyance of hatred, contempt, insult, disrespect or professional discourtesy of any nature for the court of review, trial judge, or opposing counsel; invectives are not argument, and have no place in legal discussion, but tend only to produce prejudice and discord."

*Hausler v. Discounts R Us, Inc.*, No. M2002-01465-COA-R3-CV, 2003 WL 1092771, at *4 (Tenn. Ct. App. Mar. 13, 2003) *perm. app. denied* (Tenn. Oct. 6, 2003) (quoting *Trice v. Hewgley*, 381 S.W.2d 589, 597 (Tenn. Ct. App. 1964)). In *Hausler*, we noted that "[n]ormally, pro se litigants are accorded a degree of deference based upon their status as laymen," but we concluded that the pro se litigant in that case had used her brief to attack opposing counsel and thereby "abused her status in a manner that would bring instant disciplinary proceedings against a member of the bar." *Id.* at *3.

In *Trice*, this Court struck a brief for making "impertinent, derogatory and defamatory remarks impugning the character of . . . one of the Attorneys for the defendants." 381 S.W.2d at 597. More recently, in *McCurry v. McCurry*, No. E2023-00297-COA-T10B-CV, 2023 WL 2591161 (Tenn. Ct. App. Mar. 22, 2023), this Court explained that a petitioner's *pro se* brief in a Rule 10B appeal showed "disrespect or

- 5 -

contempt" for this Court and the trial court, and "[i]f this were not a Rule 10B recusal appeal, this Court would strike the entire petition, and it would not be considered," pursuant to Rule 9. *Id.* at *1. Given the fundamental constitutional right to a fair tribunal involved in a 10B appeal, we chose to consider the substance of the petition but with "[t]he offensive portions . . . deemed stricken, and the Appellate Court Clerk [being] directed to seal the petition for recusal appeal so that the public shall not have access to this document in the future." *Id.* However, we added, "Petitioner is cautioned that language showing disrespect or contempt for any court of Tennessee will not be tolerated in future filings." *Id.*

Even though Ms. Ferkin was similarly cautioned by this Court in her 10B appeal, and she was expressly warned that "[o]rdinarily such statements would be grounds for striking her petition and dismissing the appeal," she did not heed our warning. Her brief in this appeal alleges "gross misconduct in [Tennessee's] court system . . . and . . . a judiciary that has abrogated its oath to obey the law and the commands of both the federal and state constitutions." Ms. Ferkin states that from her "experience with the Tennessee judiciary, it is clear that judges routinely ignore what the law commands, and if they are caught ignoring the law, they simply lie to avoid confronting their own or their colleagues' misconduct." She alleges "lawless [] conduct of judges." In fact, Ms. Ferkin argued that "the malfeasance and mendacity of the judiciary in Tennessee permeates every court – dishonesty is systemic and the preferred method for denying citizens access to legal redress having nothing to do with justice and everything to do with the perverse interests of the legal profession." She further asserts an "ongoing conspiracy" involving certain attorneys, judges, and justices of the Tennessee Supreme Court.

Ms. Ferkin's brief describes one particular trial judge's conduct as illegal, "dishonest, arrogant, and ignorant," "showing a broad contempt for the law," and she describes this judge as "unfit[] to have ever sat on the bench." She describes another judge as "sloppy . . . arrogant and dishonest" and engaging in "oath-defying conduct." She claims that yet another judge has demonstrated a "willingness to lie," "does not know the law," and is "not competent enough in the law to check [] citations." For yet another judge, she alleges "gross misconduct" and "obstruction of justice." Ms. Ferkin alleges that one particular judge is protecting another from "illegal conduct – an act offensive to justice in-and-of-itself and worthy of disqualification if not disbarment." She also refers to certain prosecutors as "childishly malicious" and accuses them of illegal behavior. She attacks certain members of this Court and asserts that their decision in a particular case was so "deficient in legal reasoning" that it "must have its source in something outside the law" and "[t]he judges should have the decency to tell the public what their extra-judicial interest in writing such an opinion would be," as they "pretend to follow the law all the while ignoring it" and displaying "fundamental dishonesty." Ms. Ferkin describes the same decision as "an opinion not worthy of the name" and states that a pro se litigant "should expect at least some effort on the part of the Court to recognize the law and precedent" rather than "the same self-interested lies." After discussing various decisions by this Court, she alleges that "[t]here is a fundamental dishonesty lurking beneath the rulings – a

mendacity pervasive and systematic." She also describes the Board of Judicial Conduct as "an intentional fraud perpetrated against the people of this state." She claims that "the Tennessee Courts, in their general abrogation of their Constitutional duty to follow the law, effectively extorted money—in the way of court fees and taxes—from Petitioner by fraudulently claiming that the Courts will give her, a pro se litigant, a fair hearing." Even after Ms. Bell noted this disrespectful language in her brief on appeal and asked that it be stricken, Ms. Ferkin's reply brief went on to argue that a particular trial court, the Tennessee Court of Appeals, and the Tennessee Supreme Court all meet the definition of a "kangaroo court," and she refers to members of the Court of Criminal Appeals as "miscreant colleagues."

Returning to the language of Rule 9, it states unequivocally: "Any brief or written argument containing language showing disrespect or contempt for any court of Tennessee will be stricken from the files, and this Court will take such further action relative thereto as it may deem proper." Tenn. Ct. App. R. 9. Despite this Court's recent caution to Ms. Ferkin, she has filed yet another brief and reply brief showing blatant disrespect and contempt for numerous Tennessee courts and various members of the judiciary. Thus, we deem her briefs stricken.

## IV. CONCLUSION

For the aforementioned reasons, this appeal is hereby dismissed. Costs of this appeal are taxed to the appellant, Susan B. Ferkin, for which execution may issue if necessary.

_____
CARMA DENNIS McGEE, JUDGE